Parker, C. J.
The general question in this case is, whether the defendant was obliged, by the duties of his office, to satisfy the plaintiff’s execution out of the proceeds of the sale of the carriages, which he held on the attachment at the suit of Bonner. And this depends upon the question, whether the plaintiff, by the service of his trustee process upon Nutting, had acquired a lien upon the goods in his possession, which were the property of Williams; for if he had such lien, it could not be defeated by the subsequent attachment of the goods by the defendant.
The counsel, for the defendant have insisted that the plaintiff’s process is not available against the attachment, although prior in point of time ; because the goods were not so deposited with Nutting, that they could not be come at, to be attached by the ordinary process of law, which is the only case, in which the trustee process can be resorted to. And if we are to be confined to the literal *266 * effect of the words of the statute (1), they would be right in theii argument.
But we think such a close construction not justifiable. Goods and chattels may be so placed in the hands of another, as to be physically within the reach of an officer to attach, and yet there may be difficulties in the way of attaching them, which a creditor may fairly wish to avoid. If they be pledged, for instance, to secure a debt of less value; or if they be assigned, with a power to sell, the trustee to appropriate the proceeds to the payment of debts, and to pay over the surplus to the debtor, they cannot, within the meaning of the statute, be come at to be attached; for the depositary would have a right to recover possession, and thus the attachment would be fruitless. And in the case of a fraudulent transfer, to defeat or delay creditors, although if the goods are not in fact concealed they may be attached; yet it may happen at one time, that they will be so exposed that they may be attached, and at another, that they will be kept out of sight; and if taken by the officer, they will probably be replevied, and so the creditor may be subjected to the expense and trouble of two suits.
These are cases proper for the trustee process, and within the intention of the legislature. And this process seems to be peculiarly proper in the case of fraudulent conveyances, because it is only by this means that the supposed fraudulent purchaser can be put upon his oath, and compelled to submit to an examination; and the creditor, although satisfied himself that the conveyance is fraudulent, may be wholly unable to prove it to be so, but by an examination of the vendee.
We are satisfied, for these reasons, that the plaintiff had a right to proceed as he did ; and that he acquired a qualified lien upon the goods, which could not be defeated by a subsequent attach ment of them.
The question then arises, whether, after the service of [ * 321 ] the writ upon the trustee, the goods which he held were * liable to attachment by the ordinary process, at the suit of another creditor. If they were, then they could be taken out of his nossession; for the attaching officer must remove them, or otherwise have them in his custody, to make his attachment effectual. There would seem here to be a conflict of rights. For the trustee is answerable for the goods, to the extent of the demand for which he is summoned, and by the statute has the privilege secured to him, of discharging himself by exposing the goods to be taken on execution. It would seem, therefore, that he should have the power to *267 retain the goods, or to resort to them, when execution shall come against him. And yet great inconveniences will follow, if, because he has been summoned as trustee of the debtor, for perhaps an inconsiderable demand, he should have the right to hold, free from attachment by other creditors, all the goods deposited with him, the value of which may vastly exceed the debt for which he is held responsible. If he has this right, then, when he has been served with a summons by one creditor, all other creditors must pursue the same remedy against him, although the goods deposited are within view, and may without difficulty be attached ; and thus the security given to creditors by our laws, upon the goods and effects of those debtors, will be changed into a personal security against the trustee, w.ho will have the power of disposing of the goods, and may become wholly unable to satisfy the judgments, when obtained. This difficulty cannot be avoided by giving the trustee a right to retain so much of the goods, as will be sufficient to satisfy the debt for which he may be summoned. For no means are provided by the statute, to ascertain what proportion he may retain, and there will generally be a difficulty in ascertaining the exact amount of the debt before judgment.
Such a construction must be given to the statute, as will preserve-the rights of creditors, without exposing the trustee to loss or injury. This can only be done by considering the trustee process, if first served, as vesting a * right in the trustee to the [ * 322 ] goods, until execution shall come against him; to the end that he may expose them to the officer, according to the demand in* the precept; and this right may vest, subject to the right of other creditors, to cause the goods to be attached, and taken into custody by an officer.
It has .been settled that if an officer has made an attachment of goods, although they, may exceed in value the debt for which they are attached, he may hold them against any other officer attempting to attach them ; and other creditors, in order to avail themselves of the excess beyond the first attachment, must put their writs into the hands of the same officer. This is because the goods are in the custody of the law, and it would introduce confusion to admit of several officers contending for the possession of goods which have been attached.
A person summoned as trustee is not in the condition of an attaching officer, and no injury will happen, if the goods be taken out of his possession into the custody of the law, provided he be secured in such a portion of them, as will enable him to discharge himself from his liability as trustee.
An, officer, then, who makes an attachment of goods found in the *268 possession of one who has been summoned as trustee, takes the goods subject to the claim of the trustee occasioned by the service upon him; and this is to be considered as in the nature of a first attachment, to which the goods are liable in the hands of the officer, who takes them into his custody ; and he must hold them, to meet the demand of the trustee, when execution shall come against him upon the process. And upon demand of the trustee that the goods be taken upon the execution, it will be the duty of the officer holding the goods to suffer the execution to be satisfied by a sale. If the execution is put into his hands, he will proceed in the same manner with it, as if he had made the first attachment by virtue of the writ, which was the foundation of the execution. And indeed it will be convenient, that the execution be put into his hands, [ * 323 ] * because he has the legal custody of the goods, and it will be his duty to give precedence to the execution thus delivered to him.
Every thing in the statute providing the trustee process, seems to favor this mode of carrying it into effect. The goods of the debtor are considered as attached in the hands of the trustee, on the service of the summons, and they are held bound to answer the judgment. They may be bound in the hands of an officer who attaches them, as well as in the hands of the trustee; and they must be safely kept, to answer the purpose for which they are bound. The trustee will have complied with the precept in the writ of execution, by demanding of the officer who has them in custody to take them in satisfaction, or to expose them, that they may be taken by the officer who has the execution.
By the first section of the provincial act of 32 Geo. 2, c. 22, (2) which was in force until the enactment of the statute of 1794, it was provided that the goods and estate of an absconding debtor should be attached in whose hands soever they might be found, and that the attaching of any part thereof should secure and make the whole liable to respond the judgment, and that the goods so attached should be taken on execution. By the second section it was provided that if the goods were concealed or kept out of view, the filing of a declaration against the principal in the clerk’s office, and serving the trustee or factor with a summons, should bind all the goods, effects and credits of the principal, which were in the hands of the trustee at the time of the service; and the execution, when obtained, should be levied thereon. The fifth section made the trustee answerable out of his own estate, if he had not the goods and effects of the principal, to expose to the officer, who might have the execu *269 tian. And the sixth section secured to the trustee the right of being discharged, if he kept the goods, and exposed them, so that they might be taken in execution. An actual attachment of the goods, * when in the hands of any other person than [ * 324 ] the debtor, was the chief object of this act; and they were considered as virtually attached, although the officer might not be able to seize and remove them.
So also, by the statute of 1794, c. 65, now in force, it is enacted in the first section, that creditors may not only cause the goods and estate of the debtor to be attached in his own hands and possession, but also his goods, effects, and credits, deposited with others, to be attached, in whose hands soever they may be found; and this on one and the same writ, the form of which is given in the statute. It is also provided by this statute, that the goods, &c., shall be bound, and be held to satisfy the judgment. The execution also runs against the goods, &c., of the debtor in the hands of his trustee, as well as those in his own hands; and it is not until after a return upon the execution, that the trustee has not discovered and exposed the goods, &c., of the debtor, that a scire facias can issue against him to make him personally answerable.
All these provisions show that the service of a trustee process, upon a person having goods, effects, or credits of another in his hands, is virtually an attachment of those goods, effects, and credits, and creates a lien thereon. This lien is subject to any prior lien, which the trustee may have as bailiff, factor, or creditor; which may go to the whole extent of the property in his hands, although his eventual interest therein may be trifling; and in such cases, creditors cannot by attachment take the goods out of his hands.
But in the case of a fraudulent assignment, there can be no lien in favor of the assignee; and in other cases of deposit, there may be no lien; as where the goods are placed in the custody of the trustee, without any sale or transfer, in order to conceal them from creditors. And in such cases, creditors may secure their demands by means of the trustee process; or may attach the goods, &c., if they can be come at. And in case one creditor should summon *,tbe depositary as trustee, and another should [ * 325 ] afterwards cause the goods deposited to be attached, the second creditor will come in after the first; for the officer attaching must hold the goods subject to the first process, which, according to the provisions of law, is the first attachment.
This course is not very complicated, nor attended with any difficulty ; and it seems to be unavoidable, unless every depositary of the goods of another, however large.the amount, if summoned for a debt however small, shall have the right to keep all the goods in his *270 possession, until the termination of a suit, which would much increase the chances against creditors. Wherever the depositary has a lien upon the goods, he may vindicate his right of possession by replevin, if they be taken from him, as heretofore. But the man who fraudulently receives the property of another, to prevent its being attached, ought not to have the right, against the will of the creditors whom it is attempted to defraud, to have the opportunity to perfect the fraud, by disposing of the goods, and leaving the creditor his liability only for his security.
According to these principles, the present plaintiff is entitled to maintain his action. His process was first served upon Nutting, who had possession of the goods of Williams, the debtor; and by this he acquired a lien upon the goods, to the extent of his debt, and the costs of his process. The defendant then took the goods out of the possession of Nutting, by virtue of a writ of attachment at the suit of Bonner. The goods came into the hands of the defendant, subject to the lien before created by the trustee process in favor of the plaintiff in this suit. It was the duty of the defendant then to have levied the plaintiff’s execution upon the goods, or to have exposed them, so that they might have been taken by another officer to satisfy that execution. The trustee was properly charged, because at the time of the service upon him, the goods were in his possession ; and when execution came, having- demanded [ * 326 ] them of the defendant, for the * purpose of exposing them to satisfy the execution, he could discharge himself on scire facias by pleading these facts in his defence ; and then the remedy of the creditor is properly sought against the officer making the attachment. The nonsuit is therefore to be set aside, and judgment entered for the plaintiff for the amount of his judgment, against Williams and costs (3).

Defendant defaulted.

 Stat. 1794, c. 65

 Ancient Charters, &c. 614.

 [This decision may be maintained on the ground that the trustee, in effect, had exposed the goods in question to the defendant to be taken on the execution which issued on the process of foreign attachment, and he had wrongfully refused to levy it upon them; but the reasons given for the decision, and the doctrine laid down in it, are certainly very questionable. It is well settled in other cases, that where any person, having the possession of the goods of another, has a lien upon them for any amount, they cannot be taken from his possession by attachment, before the discharging that ien. And here the service of the process of foreign attachment upon the person having the possession of the goods, rendered him liable for the delivery thereof upon any execution that might issue on any judgment in such suit, in case he should be therein adjudged to be chargeable as trustee. The service of the process, therefore gave him a lien upon the goods, and a right to retain them for this purpose.—En.]