Wilde J.
delivered the opinion of the Court. [After stating tne pleadings on the first count.] We think it very clear that this replication is insufficient. The allegation traversed was unnecessary and immaterial. Independent of this allegation, the facts stated in the plea constitute a valid attachment on Dow’s writ. By the service of the writ on the trustee the goods in his hands were virtually attached. A lien was created thereby, which could not be defeated by *520 a subsequent attachment. If this attachment had been dis» solved, the fact should have been distinctly averred in the replication : or, if it were intended to deny the attachment, some fact essential to its validity should have been traversed. It has been argued, that the replication does substantially deny that there was any valid attachment on Dow’s writ, because it traverses the fact, that the defendant took the goods subject to the prior attachment, which in effect, it is said, negatives the attachment. If, however, the replication could be understood in this sense, it would be ill, because argumentative. But it cannot be so understood, for the traverse might be .verified either by proving that no prior attachment had been made, or that it had been dissolved, or admitting all the facts averred in the plea, the plaintiff might show that the attachment was void for some legal defect, thus referring to the jury a mere question of law, against an established rule of pleading. A traverse thus loose and uncertain is clearly inadmissible.
The second count is for a false return. The charge is, that the defendant falsely returned on the plaintiff’s execution, that in obedience to a writ in favor of Benjamin Dow against Reuben Putney principal and John Putney trustee, he had summoned John Putney, who, at the time of the service of that writ, had the goods in his possession ; whereas in truth and in fact, John had not the goods then in his possession, but the same had before been taken out of his possession by the defendant.
To this count the defendant pleads and sets forth the same proceedings under the trustee process in favor of Dow, and his return at large on the plaintiff’s execution, and concludes by averring that the return is in all things true, and in no respect false, with a verification.
To this plea the plaintiff demurs specially.
It is not however material to state or consider the causes of demurrer assigned, because the defendant’s counsel admits that the plea is bad. But he says it is in bad company, and that the first fault is in the declaration. So that the question is, whether the action can be maintained on the second count.
It is averred in this count, that the plaintiff having a cause *521 o' action against Reuben Putney, sued out a trustee process against him and John Putney his trustee, — that that writ was delivered to the defendant for service, and was by him duly served and returned, — that goods of great value were attached thereon to respond the judgment which might be recovered in that suit, — that that action was duly entered, and judgment recovered, and that within thirty days next after the rendition of judgment, execution was sued out and delivered to the defendant, to be by him duly served and levied upon the goods of Reuben, so attached as aforesaid, — and that the defendant would not and did not levy the execution on the goods, but falsely returned that the same were under a previous attachment in favor of one Bow, whereas in truth they had never been attached on Bow’s writ.
The defendant’s counsel contends that these facts are not sufficient to maintain the action. It is said that the attachment is not alleged with sufficient certainty, because it does not appear whether the goods were attached in the hands of the trustee, or in the common form. But it does not appear to us, that it is necessary to be thus particular, especially as the attachment was made by the defendant and the mode of attachment must necessarily be within his knowledge.
It is also objected, that it is not averred that the defendant could have seized the goods attached on execution, nor that he was requested to seize them. But these objections cannot prevail, for it was the duty of the defendant safely to keep the property attached, if it was attached in the common form, and if attached in the hands of the trustee, to demand it of him It is sufficient therefore for the plaintiff to aver that the execution was delivered to the defendant within thirty days after judgment, to be levied on the goods attached, and it was for him to show in his defence, why the execution was not thus levied. The only reason stated in his return is, that the goods were subject to a previous attachment; and this part of the return is averred to be false. This averment, it is said, is immaterial; but if it were so, still the defendant would be liable, because he shows no cause why the execu ■ tian was not levied on the goods attached. The averment *522 however is material, and the defendant should have traversed it. And if the issue thereon had been found in his favor, he would have been entitled to judgment, notwithstanding the goods had been taken out of the possession of the trustee after the attachment, for this would not have discharged the trustee’s lien, as was decided in the case of Burlingame v. Bell, 16 Mass. R. 318.[1]

Defendant’s second plea adjudged bad.

 See Parker v. Kinsman, 8 Mass. R. 486.