## JOHN SWETT *et al. versus* JAMES BROWN and Trustee.

Where a debtor went out of the State on account of his pecuniary embar assments
having given verbal directions to an individual to assist in the settlement of his
affairs, it was *held* that such individual was not thereby authorized to pledge the
debtor's property as security for a debt.

Where chattels were delivered without authority from the owner, to an agent of one
of his creditors, in pledge for the debt, and were removed by the agent to his own
house, it was *held* that they might be attached under the trustee process; it not
being necessary, in order to sustain that process, that the chattels should be in the
hands of the trustee by virtue of a contract with the debtor.

But if such agent had a lien, he was nevertheless liable to the trustee process, and
where, after being summoned, he caused the chattels to be attached and taken out
of his hands on a writ in favor of the creditor, his principal, it was held that the
lien was dissolved, and that the plaintiff in the trustee process had acquired a
priority over the other creditor.

UPON a process of foreign attachment the supposed trustee made answer, that before the service of the writ upon him, he was requested by one Peirsons to obtain security on a promissory note made by the principal defendant to Peirsons, which was then due ; that the respondent accordingly went to the house of the debtor, who had left the State on account of his embarrassment by debt, and the wife of the debtor delivered to him, as the agent of Peirsons, certain furniture in pledge for the payment of the note, — which de livery and pledge were immediately assented to by one Lancton, who said he was the attorney of the debtor and was authorized to assist him in the settlement of all his affairs, but that he had no written power of attorney ; and that on the same day, and while he had the furniture at his own house and in his custody as agent of Peirsons, he was served with the trustee process, and on the next day, agreeably to a permission given at the time of making the pledge, the furniture was attached and taken out of his hands by virtue of a writ which he procured in favor of Peirsons upon the note above mentioned ; — which was for a larger sum than the value of the furniture in question.

The cause was argued in writing by *Gold* and *Gold* junior, for the plaintiff, and by *Hubbard*, for the respondent.

It was contended that for several reasons the respondent

ought not to be charged as trustee.　1. The facts disclosed constitute a pledge.　The presumption of law is, that Lancton was the authorized agent of the debtor, for a written power was not requisite to enable him to pledge personal estate ; and if he was an agent, that he acted within the scope of his commission.　But if he was not an agent, the plaintiff ought to have cited him in, and shown by his answer that he acted without authority.　*Lane* v. *Penniman*, 4 Mass. R. 91. Cons'dering Lancton then as the agent of the debtor, the act of the wife in making the pledge was approved of at the time by the husband, in the person of his agent, and thus was in effect the act of the husband.　If the property was pledged, it was not liable to the trustee process, as it did not exceed in value the amount of the debt for which it was pledged. *Hastings* v. *Baldwin*, 17 Mass. R. 552. — 2. If there was not a legal pledge, then there was no act on the part of the debtor in regard to the supposed pledge, and the furniture not being by him " intrusted or deposited " in the hands of the respondent, it might " have been come at to be attached by the ordinary process of law," and of course was not subject to the trustee process ; *Allen* v. *Megguire*, 15 Mass. R. 490 ; for this was not a fraudulent transfer, and there was no surplus to be returned to the debtor, nor any stipulation to that effect, and these are the only exceptions allowed in the construction of *St.* 1794, *c.* 65.　*Burlingame* v. *Bell*, 16 Mass. R. 318. At any rate, a demand should have been made upon the respondent, or some concealment on his part been shown. — 3. The actual attachment of the furniture and taking it from the respondent, discharged him from any liability to which he might previously have been subject.　*Burlingame* v. *Bell*, *ubi sup.*

PARKER C. J. delivered the opinion of the Court.　The first question which arises out of these answers is, whether the furniture of the debtor was so deposited in the hands and possession of the respondent as to make him chargeable as the trustee of the debtor.　If it were necessary that he should hold it by virtue of any contract with the debtor, the plaintiff would fail on this point ; for we see no authority in the wife or the friend of the debtor to transfer the furniture by pledge

*Sept.* 21st

180

Swett
v.
Brown and
Tr.

or by sale ; but the debtor would, notwithstanding this de-
livery by the wife, have been able to reclaim the furniture, or
to maintain replevin or trover therefor.   But the respondent
having the possession, although not by the act or consent of
the debtor, the goods were liable to attachment, or if they
could not be come at to be attached by the ordinary process,
they might be attached in his hands by virtue of the trustee
process.   We think the removal of them to his own house,
under a claim to hold them as a pledge for the debt of Peir-
sons, was a sufficient embarrassment to an attachment by the
ordinary writ, to enable the plaintiff to resort for his security
to the trustee process.  *Allen v. Megguire*, 15 Mass. R. 490 ;
*Parker v. Kinsman*, 8 Mass. R. 486 ;  *Burlingame v. Bell*,
16 Mass. R. 318.[1]

But the respondent claims to be discharged on the ground,
that when he took the furniture into his possession, he was
the agent of Peirsons, a creditor who had authorized him to
obtain security ; and that the goods were delivered to him
by the wife of the debtor as and for a pledge or security
of Peirsons's debt, and that Lancton, who had the care of
settling the debtor's affairs in his absence, assented to the
delivery for the above purpose ; so that when he was served
with the trustee process, he held the furniture in pledge as
agent of Peirsons the creditor.   We cannot however con-
sider the goods as legally pledged, for want of a contract to
that effect by the debtor.   The wife had no authority to make
such contract for him, and the verbal direction of the debtor
to Lancton to settle his affairs, gave him no authority to
transfer his property in this way ; so that the possession of
the furniture by the respondent was wholly without any title
or lawful lien.   But suppose him to have acquired a lien on
behalf of Peirsons, he was nevertheless liable to the process ;
so that the plaintiff's attachment would hold, and then, upon
the surrender of the lien, the attachment was disembarrassed
of the claim of Peirsons, whose subsequent attachment cannot
avail against that previously made by the plaintiff.   The at-
tachment of the furniture on the suit of Peirsons must be

---

[1] See Revised Stat *c.* 107, § 4.

presumed to have been made by consent of the respondent, and he thus relinquished the lien which he claims to have had by delivery of the goods as a pledge.[1]   They were still however charged with the attachment by the plaintiff when attached by Peirsons, so that the officer who made this last attachment took the goods subject to the lien created in favor of the respondent by his liability on the trustee process. According to the case of *Burlingame* v. *Bell*, therefore, the respondent must be charged, and his remedy, if he cannot produce the goods, is against the attaching officer, who, if he had notice of the prior attachment by the trustee process, will be held to indemnify the respondent.

Swett
*v.*
Brown and
Tr.