Shaw C. J.
delivered the opinion of the Court. The facts disclosed by the respondents, show that at the time of the plaintiff’s attachment the principal had executed to them a deed of assignment, by which he conveyed to them goods and chattels capable of being attached, to the amount of about tj¡¡ 500, and outstanding debts to the amount of about $ 950.
No part of the latter is claimed by the attaching creditor, and it is very clear, that they could not be held on this attachment, being neither debts due from the trustees to the principal, nor goods liable to, attachment on mesne process.
It further appears, that at the time of the plaintiff’s attachment, the assignment had not been executed by the assignees, nor by any of the persons for whose benefit the assignment was made.
This disclosure then presents the precise case decided in Ward v. Lamson & Tr. 6 Pick. 358, where it is declared to have been long considered as settled law.in this commonwealth, that if an attachment is made before any creditor has become a party to the assignment, the attachment will hold.
If this be considered too well settled to be an open question, *305 where the assignment has not been signed by any creditor, a fortiori must this be true where the assignment has not been executed by the assignees.
Whether being a deed poll, the property would pass without an execution by them, as between the assignor and the assignees, especially where it charges them with trusts and onerous obligations, it is not now necessary to consider, because it would be going contrary to a long series of authorities to decide that they would so take and hold under such a deed, as against an attaching creditor.
But the property was delivered to the assignees, for a purpose indeed, which, as against this attaching creditor, could not be legally carried into effect; still they thereby had the legal and peaceable custody of the property, without trespass or fraud. As the trustees claimed a title to them, although the officer might have seized and taken the goods, and although they could be come at for that purpose, still within the authority of cases, now well established, the plaintiff might summon the trustees, and thereby and by force of the statute as effectually charge the goods, as if they had been actually seized and taken into custody by the officer. Burlingame v. Bell, 16 Mass. R. 318.
But the trustees claim to set off certain demands of their own, to wit, Blake, a debt due to him in severalty, and Hunt, a debt due to himself and partners.
It seems impossible, however, that they can successfully assert these claims under the assignment. Even if they could hold the legal interest under this instrument, being a deed poll, by setting it up and acting upon it without executing it on their part, still under such mere legal conveyance they could not hold, as already shown, against an attaching creditor. And when they claim a beneficial interest, as creditors, under the trusts of the deed, they must do so in the same manner and upon the same terms as other creditors. They must express their assent to the assignment and its conditions and terms by becoming parties. Here the trust was specially limited to those who should express their assent in writing. Not having thus expressed their assent, they cannot claim as creditors.
But the trustees further insist, that having a legal custody of *306 the goods though not under any particular pledge, still they have an equitable lien, and that the goods cannot be taken out of their hands, without paying them what is due ; and they rely upon the case of Hathaway v. Russell, 16 Mass. R. 476.
Perhaps the language there used, without reference to the subject matter, might be broad enough to reach this case. But that was a case, where the trustee was charged as the debtor of the principal, upon that branch of the statute, which authorizes the attachment of credits. In such case, as stated by Jackson J. in delivering the opinion of the Court, the trustee would have a right to set off any debt due to himself, or to himself and partners, which in any form of proceeding in court, he could set off against the principal.
But a different construction has been put upon that branch of the statute, which authorizes the attachment of goods in this form. In such case, it has been decided that the trustee, having no legal lien upon the goods, has no right to detain them or deduct his own debt from their value. If he would avail himself of them, to secure his own debt, he must attach them like any other creditor. Allen v. Megguire & Tr. 15 Mass. R. 490.
The Court are therefore of opinion, that neither of the claims of the trustees can be set off, as against the present attaching creditor. It was perhaps not strictly necessary in this stage of the proceedings, to give any opinion upon this point, affecting the amount only for which the trustees are to be charged ; but as the parties interested were before the Court, and the point was fully argued and an opinion requested, the Court thought proper to give it; but in regard to several other questions partially discussed, which affect parties not before us, the Court give no opinion.[1]

Trustees charged.

 See St. 1836, c. 238; St. 1838, c. 163; Hoyden v. Moore, post, 362; Everett v. Walcott, 15 Pick. 94; Copeland v. Weld, 8 Greenl. 411; Jewett v. Barnard, 6 Greenl. 381; Carr v. Dole, 5 Shepl. 358.