## GEORGE PLATT *versus* HENRY BROWN.

An insolvent debtor assigned his property for a consideration alleged in the assignment to have been paid "by bond and notes." The assignee, for a part of such consideration, gave a bond conditioned for the payment of the debts of the assignor specified therein ; and for the residue he gave four promissory notes, which, it was proved, were placed in the hands of the assignor. It was *held,* that the assignment was void as against attaching creditors.

The assignee, in such case, was served with a trustee process at the suit of a creditor of the assignor, and subsequently the property itself was attached by another creditor. It was *held,* that as the assignment was void, the assignee had no right to retain possession of such property in order to respond to the judgment which might be recovered against him on the trustee process ; for the goods were bound by such process, in the hands of the attaching officer, as well as in those of the trustee.

If a person having in his store the goods of a stranger, refuses to permit an officer to enter the store for the purpose of attaching the goods, on a writ in favor of a creditor of the owner of the goods, the officer is justified in breaking it open for such purpose.

TRESPASS *de bonis asportatis,* and *quare clausum.* The defendant, who was sheriff of this county, pleaded the general issue, and filed a brief statement justifying the supposed trespasses, under writs of attachment against Ira Platt.

The trial was before *Putnam* J.

The plaintiff claimed under an assignment from Ira Platt, dated January 1, 1835, the consideration of which was alleged therein to be the sum of $2896·10 paid by " bond and notes." The bond referred to in the assignment was conditioned, that the plaintiff should pay debts due from the assignor, amounting to the sum of $2174. It was proved that the promissory notes given by the plaintiff for the residue of the consideration, amounting to the sum of $722·10, were, at the time of the trial, in the hands of the assignor. The plaintiff proved that, subsequently to the assignment, he had paid in notes or cash a part of the debts mentioned in the bond.

The plaintiff also produced in evidence a deed dated March 25, 1834, by which Ira Platt conveyed to him all his real estate, which consisted of an equity of redemption of the value of $500.

It was also proved by the plaintiff, that he was summoned

as the trus ee of Ira Platt at the suit of J. R. Sandford *et al.*, before the defendant attached the goods, and that this trustee process was still pending in court. It was thereupon contended, that even if the assignment were void as against the creditors of the assignor, the plaintiff nevertheless had a right to keep possession of the property to respond to the judgment which Sandford *et al.* might recover ; and that this action might be maintained upon this ground.

It further appeared, that the plaintiff had the key of the warehouses containing the goods which were attached ; that one of these warehouses was included in the deed from Ira Platt to the plaintiff; that the defendant desired the plaintiff to permit him to go into the warehouses to attach the goods ; but that the plaintiff would not permit him ; that the defendant thereupon broke open the warehouses, made the attachment and took the goods ; and that these are the alleged trespasses of which the plaintiff complains.

It was proved, that Ira Platt was indebted in large sums of money to several creditors, which he was unable to pay.

The jury were instructed, that if the assignment was made in trust for the payment of the debts assumed, and also of the sum of $722·10, to the assignor for his own use, it would not be valid as against creditors ; that it would be like the case of *Harris* v. *Sumner*, 2 Pick. 132, void in the whole ; that if the jury believed from the evidence, that the balance of the consideration expressed in the assignment was secured by the notes of the plaintiff to enable the assignor to have the use and control of that part of the consideration, to the intent to delay or defraud his creditors, and all that was known to the plaintiff, the assignment would be void in the whole.

The jury were also instructed, that the question, whether the creditor, who procured the trustee process to be served on the plaintiff, or the creditor at whose suit the goods themselves were attached by the defendant, should prevail, was not to be taken into view, in determining whether the assignment was valid or not, as against the creditors of the assignor.

The jury returned a verdict for the defendant.

If the instructions to the jury were erroneous, a new trial was to be granted ; otherwise judgment was to be rendered upon the verdict.

·Hubbard, for the plaintiff.

Bishop and Hall, for the defendant.

WILDE J. delivered the opinion of the Court. The first exception to the instructions of the Court to the jury is, we think, conclusively settled· by the case of *Harris* v. *Sumner*, 2 Pick. 129. The only distinction between that case and this is, that there the fraudulent reservation in favor of the assignor was apparent upon the face of the assignment itself, and in this case the reservation was proved by other evidence. This fact being established by the verdict, and it was left to the jury to decide upon it from the evidence, we can see no distinction in principle between the two cases.

But if there were a shade of difference between them, the jury could not have been misled by the comparison, for the principles upon which the jury were instructed to proceed, were so fully and clearly laid down, that they could not be misunderstood. The jury were instructed, that if they " believed from the evidence, that the balance of the consideration expressed in the assignment was secured by the notes of the plaintiff to enable the assignor to have the use and control of that part of the consideration, to the intent to delay or defraud his creditors, and all that was known to the plaintiff, the assignment would be void in the whole." The remark, " that it would be like the case of *Harris* v. *Sumner*, void in the whole," could not mislead the jury, even if the two cases were not in all respects similar ; for still it would be true, that the cases are alike as to the fraudulent intent.

The second exception also must be overruled, on the authority of the case of *Burlingame* v. *Bell*, 16 Mass. R. 318. It was contended by the plaintiff's counsel, that although the assignment were void as against creditors, yet the plaintiff, having been served with a trustee process previous to the taking by the defendant, had a right to keep possession of the property, to respond the judgment which might be recovered against him on that process. But in the case of *Burlingame* v. *Bell* it was decided, that an attachment in common form

Platt
*v.*
Brown.

*Sept. 8th.*

*Sept. 17th.*

Platt
*v.*
Brown.

after an attachment by virtue of a trustee process, was valid , that under such attachment the goods were bound in the hands of the officer as well as in the hands of the trustee ; and that the trustee would comply with the precept in the execution under the trustee process, by demanding of the officer who had them in custody, to take them in satisfaction.

It has been said, however, that in this case there was no surplus property to attach. But this does not appear and cannot be presumed. If the fact would justify the plaintiff in retaining the property, the burden of proof was on him to establish the fact.

As to the officer's right to break open the store door after the plaintiff had refused to open it, there can be no question. If he had a right to attach the goods, he had a right to break open the door for that purpose, after he had been refused permission to enter, the key of the store being in the hands of the plaintiff.

*Judgment on the verdict.*