THOMAS C. WALES *versus* JOSEPH ALDEN *et al.* Principals, and JOHN H. ROGERS, Trustee.

Where a citizen of another State executed therein an assignment of his goods there situated, to a citizen of this State, in trust for the payment of his creditors, most of whom lived in such other State, to which assignment the creditors were not parties, but which nevertheless, by the law of such other State, was a valid assignment, and the goods were never brought into this State, it was *held*, that the assignee was not liable to be charged here for the goods, on a trustee process sued out by one of the creditors, a citizen of this State.

BY the answers of Rogers it appeared, that he and the plaintiff were citizens of Massachusetts, and that the defendants were citizens of New York ; that the defendants made to the respondent an assignment of certain goods and choses in action, in trust for the payment of their creditors, most of whom lived in New York ; that the indenture was executed in the city of New York, on the 2d of May, 1836 ; that it was executed by the defendants, and the respondent, and, as the respondent believed, by certain creditors, namely, Russell & Bucknam, and Cheever Newhall & Co., before the 9th of May, the day when. the plaintiff's writ was served upon the respondent; that all the goods were sold by the respondent at New York, on the 19th of May, to one Kimball, who gave his negotiable notes therefor ; that the net amount of the sales of the goods, when collected, will be more than enough to satisfy the claims of the parties who had executed the indenture prior to the service of the writ, but that it will not be enough to satisfy, in addition, the claims of the creditors who before that time verbally assented, as the respondent supposed, to the assignment ; and that at the time of the service of the writ, the respondent had not in his hands and possession, any goods, effects or credits of the principal defendants, except the goods and choses in action assigned to him by the indenture, and which were never removed by him into this State, and that he had not then collected any of the choses in action assigned.

The indenture purported to be made between the debtors, of the first part, and Rogers of the second part. It also contained a clause by which the creditors who should sign and seal the instrument would release their demands. The debts

Wales
*v.*
Alden
and Tr.

*March 15th.*

due to one class of creditors were to be paid in full, before any part of the fund should be applied to the payment of an other class.

*Ellis G. Loring*, for the plaintiff. Personal property has no *situs*, and when the respondent came from New York into this State the law supposes that the assigned property followed his person ; so that the surplus not required to satisfy the claims of the creditors who executed the assignment, was liable to attachment by this trustee process. *Ward* v. *Lamson*, 6 Pick. 359. Assuming the assignment to be valid in New York without the assent of the creditors, the law of that State will determine the construction of the contract, and the rights of the parties under it, but not the remedy, and this is a case of remedy. *Milne* v. *Moreton*, 6 Binney, 360 ; *Andrews* v. *Herriot*, 4 Cowen, 510 ; *Fall River Iron Works* v. *Croade & Tr.* 15 Pick. 17, 18 ; *Russell* v. *Woodward*, 10 Pick. 413. The law of New York will not be applied, to the injury of our own citizens, who have a right to secure their demands by attachment on mesne process. *Braynard* v. *Marshall*, 8 Pick. 194 ; *Burlock* v. *Taylor*, 16 Pick. 335 ; *Ingraham* v. *Geyer*, 13 Mass. R 146 ; *Fox* v. *Adams*, 5 Greenleaf, 245 ; *Osborn* v. *Adams*, 18 Pick.    ; *Rogers* v. *Allen*, 3 Ohio R. 489 ; *Olivier* v. *Townes*, 14 Martin, 93. The case of *Fall River on Works* v. *Croade & Tr.* 15 Pick. 11, is decisive of the one now before the Court. A compulsory payment here by the respondent will protect him in New York. *Holmes* v. *Remsen*, 20 Johns. 268.

*Parsons* and *Stearns*, for the respondent. The assignment was valid by the law of New York. *Nicoll* v. *Mumford*, 4 Johns. Ch. R. 529 ; *Brooks* v. *Marbury*, 11 Wheat. 78 ; *Cunningham* v. *Freeborn*, 11 Wendell, 240 ; 2 Kent, (3d edit.) 532, 533, and note *a.* The respondent discloses goods in another State, which he is bound to apply in accordance with the trust created by the assignment, and if he had attempted to bring them here for a different purpose, he could have been restrained by process of law. Under such circumstances the goods had a *situs*, and were not liable here to an attachment under the trustee process. *Whipple* v. *Thayer*, 16 Pick. 25 ; *Daniels* v. *Willard*, 16 Pick. 36 ; *Burlock* v. *Taylor*, 16

Pick. 335 ; 2 Kent, (3d edit.) 457 ; Story on Confl. of Laws, 469 ; *O'Callaghan* v. *Thomond*, 3 Taunt. 82.

SHAW C. J. afterward drew up the opinion of the Court. The facts of the present case differ in some respects, from any which have heretofore come before the Court, and we think it must be decided upon its own peculiar circumstances. The question is, whether Rogers is chargeable as trustee. It appears by his answer, that he was not indebted to the principal, that he had no goods or effects of his, except under the trust assignment therein disclosed. By that it appears, that the trustee, an inhabitant of Boston, being in New York, an assignment of goods and choses in action was made to him in trust for the benefit of the creditors of the assignors, who were inhabitants of New York, as were most of the creditors, but that the creditors did not become parties to the assignment.

It is proved to the satisfaction of the Court, that this assignment was legal and valid to vest a good title to the property in the assignees, indefeasible as well against creditors, as against the assignors, that the transaction took place in New York, that the property was there situated, and was never brought within the jurisdiction of this Commonwealth.

The plaintiff contends, that by the maxim of law, the right of personal property follows the person, and that when the trustee came into this State, so as to be served with process, he must be supposed to have the property with him, and that the property thereby became bound by the attachment. But we think this argument cannot be sustained, and that it would be urging a legal fiction beyond the purposes for which it was adopted. The trustee took the goods for a lawful purpose, and by a title indefeasible where the transaction took place, and under the laws of New York, to which he was amenable. He was bound, as well in conscience as by law, to execute the trust, according to the terms of the conveyance under which he took the property. His coming into this Commonwealth ought not to defeat such a conveyance, and discharge him from his legal and conscientious obligations, even though it should be held, that if such an assignment had been made here, it could not hold against attaching creditors ; a point which it is not necessary to decide.

Wales
v.
Alden
and Tr.

In *Parker* v. *Kinsman & Tr.* 8 Mass. R. 486, it was held, that where goods were thus conveyed to an assignee, in trust, the creditors not being parties, the assignee was chargeable as trustee of the attaching creditor. But it proceeded on the ground, that the title of the assignee was good against the assignor, and that the assignee had the actual custody and possession of the goods, and so by force of the terms of the trustee law, the goods stood charged by the attachment. It created a specific lien in the goods, as if specifically attached. So it was held in a later case, *Burlingame* v. *Bell*, 16 Mass. R. 318. They proceed on the ground that the goods are specifically attached, and charged with a legal lien, and the law provides, that the goods themselves may be surrendered by the trustee to answer the attachment. But we think it a very different case, when the goods are never within the jurisdiction of the State, nor liable to attachment, and when as well in equity as in law, they are already charged for the payment of the debts of the owner, by a proceeding good and valid where it took place, and where the property is held.

It would be a very different question if it related to goods situated in this Commonwealth, claimed by such an assignment made in another State, and attached by a creditor, a citizen of this State ; or if it were a debt due from a citizen of this State, claimed by assignees, on the one side, and by a trustee attachment by a citizen of this State, on the other.

Were it not, that the law on this whole subject is now altered by legislative enactment, it might be useful to revise all the decisions upon it, and to endeavour to extract from them a uniform system. As it is, I will allude to a few only.

In *Fall River Iron Works* v. *Croade & Tr.* 15 Pick. 11, it was held, that an assignment made in another State, though it might be valid to pass property in the State where made, would not be such an assignment of a debt due from a citizen of this State as to defeat an attachment, subsequently made, by a citizen of this State.

The authority of this case has been sometimes called in question ; but I am not aware that it has been overruled.

In *Whipple* v. *Thayer*, 16 Pick. 25, and *Daniels* v. *Willard*, 16 Pick. 36, it was held that an assignment made in an-

Wales
v.
Alden
and Tr.

other State, valid by the laws of that State, was sufficient to transfer personal property, being at the time within the jurisdiction of this State, as against an attachment made by a citizen of the State where the assignment was made.

*Burlock* v. *Taylor & Tr.* 16 Pick. 335, was in fact decided upon the same ground. The point now under consideration was alluded to, as one undecided, and not necessarily arising in that case. I believe the fact to be, that the case of *Fall River Iron Works* v. *Croade*, was not then published ; it was not cited in the argument or alluded to in the opinion.

In *Newman* v. *Bagley & Tr.* 16 Pick. 570, it is intimated as the general rule, that an assignment valid by the laws of the place where it is made, and where the assignor has his domicil, will be supported here. The point is not discussed, and the cause was decided on the ground, that as the case stood before the Court, on the trustee's answer, the assignment must be deemed valid by the law of Massachusetts.

In the case of *Osborn* v. *Adams*, in Berkshire, it was held that a voluntary assignment in another State, ancillary to a commission of insolvency under a statute local in its operation, was not sufficient to pass real estate in this Commonwealth, so as to defeat the title of a subsequent attaching creditor. It proceeded on the ground, that there was no sufficient legal consideration for the conveyance, to give it effect against the attachment of a creditor of the grantor.

The present case, we think, stands upon grounds, different from any which have preceded it. The supposed trustee had no title, of any kind, to the goods, except by the assignment in New York, under which, that title was valid ; he had no custody or possession of the goods in this State ; and under the circumstances of the case, the claims of creditors under the assignment in New York cannot be defeated by an attachment made here, even though goods situated here, which could be specifically attached, might be held against a prior assignment made in another State, valid there, but which would not have been valid if made in this Commonwealth.

*Trustee discharged.*