WILLIAM H. MANN & others *vs.* SAMUEL HUSTON & trustee.

H. assigned to D., in trust for creditors, certain goods in the store of H. previously mort-
gaged, and then in the custody of an officer under an attachment, and also goods and
proceeds of goods in the hands of K., and some debts due H.: D. accepted the trust
went to the store, gave notice to the officer of the assignment, said that he took posses
sion of the goods, and did take the account books: After the service of a trustee process
on D. as trustee of H., the officer sold the goods in the store, and paid over a surplus to
D., and D. received from K. some money, and some goods, which he sold. *Held,* that
the interest of H. in the goods in the store, and in the goods in the possession of K., passed
to D., and that he was chargeable therefor, or for the proceeds thereof, in this process;
but that he was not chargeable for the money received from K.

OTIS H. DANA, summoned as trustee of the principal defend-
ant, in his answers disclosed the following facts: The defendant,
an inhabitant of the State of Maine, on the 9th of December
1851, at Sanford in that state, and pursuant to the laws thereof,
by deed assigned all his property to said Dana, in trust to dis-
pose of the same, and divide the proceeds among such of the
creditors of the assignor as should become parties to the assign-
ment, in proportion to their respective debts. The only pro-
perty conveyed by this assignment was the defendant's interest
in a stock of goods in a store on Washington Street in Boston,
some goods and proceeds of goods consigned to one Kimball,
and some outstanding debts. Said stock was then subject to
two mortgages to Henry Lyman, and was in the possession of a
deputy sheriff, under an attachment made at the suit of another
creditor of Huston; and Lyman had given the officer notice of
his mortgages, and demanded payment thereof; and the attach-
ing creditor paid him. The stock of goods was afterwards duly
sold at auction by the officer, with the consent in writing of the
debtor, the trustee, and the attaching creditor; and the residue
of the proceeds, amounting to $432, after paying to the attaching
creditor his debt, and the amount paid by him to discharge the
mortgages, were paid to the trustee as assignee of Huston.

The trustee never took possession of the stock of goods. Im-
mediately after executing the assignment, he went to the store
to take possession thereof, and gave the officer notice of the
assignment, and said, in substance, that he took possession of

the goods, and he did take possession of the account books; but he did not then, or at any other time, obtain possession of the goods. He found óne of the plaintiffs at the store, and told him that the property, if there was any, was conveyed to him. The writ was served on the trustee on the same day on which he executed the assignment, and immediately after he had been to the store. No creditor of Huston had then executed the assignment. And the trustee had not then received any moneys for the outstanding debts, nor had any promises made to him by the debtors, nor given any notice to them ; nor had any change been made in regard to the debts.

Kimball was a pedler, to whom Huston had consigned goods for sale, but on what terms, or how Kimball received his compensation, the trustee did not know; nor did he know where Kimball resided, or where he was when the assignment was made. The goods in Kimball's hands were sent by him to the trustee about three weeks after the assignment, and were sold by the trustee for $150; and Kimball afterwards paid the trustee $20 in cash.

*O. H. P. Green,* for the plaintiffs. Under the circumstances disclosed in the trustee's answer, the goods of the defendant in his hands are held by this process, although it might not have been physically impossible to have attached them. *Burlingame* v. *Bell,* 16 Mass. 318. *Hastings* v. *Baldwin,* 17 Mass. 537. *Swett* v. *Brown,* 5 Pick. 180. The trustee, having received and accepted an assignment of the defendant's property, and having given notice thereof to the officer who had attached the goods in the store, saying that he took possession of the goods, and taking away the books of account, without objection by the officer, acquired the constructive, if not the actual possession of the goods attached, and could have turned them out on execution. Delivery of part of a lot of goods is a delivery of the whole. *Parks* v. *Hall,* 2 Pick. 212. And a symbolical delivery is sufficient where that only is possible. *Whitaker* v. *Sumner,* 20 Pick. 405. *Gardner* v. *Howland,* 2 Pick. 599. Delivery of a bill of sale of property held by an attachment passes the property, and the constructive possession, so that the vendee may

replevy the goods when the attachment is released. *Whipple* v. *Thayer* 16 Pick. 25. *Arnold* v. *Brown*, 24 Pick. 95. Where goods are kept on the debtor's own premises he has a qualified possession; and his actual delivery, without objection by the officer, vests the property in the vendee, subject to the attachment. *Fettyplace* v. *Dutch*, 13 Pick. 388. And such possession continues in the vendee. *Holly* v. *Huggeford*, 8 Pick. 73. If goods are within the trustee's control, so that he can turn them out on execution, he shall be charged. *Andrews* v. *Ludlow*, 5 Pick. 31. The trustee had, at least, a constructive possession, which is sufficient to hold him as trustee. *Arnold* v. *Elwell*, 13 Maine, 261. *Gibson* v. *Stevens*, 8 How. 384. Kimball was a mere servant of Huston, and, after the assignment, of the trustee; his possession was the possession of his master; and the trustee had therefore such an actual possession of the goods and money in Kimball's hands, as to make him chargeable for them. *Ward* v. *Lamson*, 6 Pick. 358.

*A. H. Fiske*, for the trustee. If no property passed to the trustee by the assignment, he cannot be charged. His receipt of property, subsequent to the service of the writ, did not make him liable. *Meacham* v. *McCorbitt*, 2 Met. 352. *Smith* v. *Stearns*, 19 Pick. 20. If the property did pass to the trustee, he is not liable. The plaintiff might have attached the goods, subject to existing liens, and obtained the proceeds; omitting to do this, he acquired no lien. The trustee is not chargeable for the stock of goods, because he had not the actual possession. A constructive possession is not sufficient. *Adams* v. *Ludlow*, 5 Pick. 28. In *Arnold* v. *Elwell*, 13 Maine, 261, cited by the plaintiffs, there was no lien existing at the time of the assignment. This trustee had no goods in his possession, capable of being surrendered on execution. *Maine F. & M. Ins. Co.* v. *Weeks*, 7 Mass. 439. This is necessary. *Allen* v. *Hall*, 5 Met. 263. *Grant* v. *Shaw*, 16 Mass. 341. *Willard* v. *Sheafe*, 4 Mass. 235. Rev. Sts. *c.* 109, §§ 22, 23. The trustee cannot be charged for the goods and money in the hands of Kimball; for his claim against Kimball was only a chose in action, a right to call upon him to account; and it was contingent whether he would ever

receive any thing.  *Meacham* v. *Mc Corbitt*, 2 Met. 352.  *Tucker* *Clisby*, 12 Pick. 22.  *Dickinson* v. *Strong*, 4 Pick. 57.  *Dwight* v. *Bank of Michigan*, 10 Met. 58.  The subsequent receipt of the goods does not alter the case

DEWEY, J.  The question as to the liability of Otis H. Dana, as trustee of Huston, must depend upon the effect to be given to the assignment made to Dana of the stock of goods in the store in Boston, and of the goods placed in the hands of Kimball to sell, taken in connection with the acts and declarations of Dana, in reference to the acceptance of the assignment, and giving notice thereof to other parties having prior liens on the goods, and thus effecting a symbolical delivery of the same as between Huston and himself.

The property in the store was subject to a mortgage, and also to an attachment.  But neither of these liens was of a character to defeat a transfer of the interest of the debtor in the goods. A mortgage, not foreclosed, clearly leaves a right in equity in the mortgagor, which he may transfer.  An attachment also leaves the general property in the debtor, and, as has been re-peatedly decided, he may make a valid sale of his interest therein, subject of course to the attachment. *Denny* v. *Willard*, 11 Pick. 519.  *Whipple* v. *Thayer*, 16 Pick. 25.  *Arnold* v *Brown*, 24 Pick. 95.

In such cases, no actual delivery is required, but a symbolical delivery is sufficient.  The facts stated in the trustee's answers show sufficient to have been done by the assignee of the interest of Huston, by way of notice, and taking all the possession that could be acquired of property held by an officer under an attach-ment against the assignor.  The case of *Whipple* v. *Thayer*, above cited, is an authority to this point.

This assignment was therefore effectual, as between the par-ties, to pass the property of Huston, subject to the two liens. But being an assignment of a character contrary to the spirit of *Sts.* 1836, *c.* 238, and 1838, *c.* 163, it fails to be valid and effect-ual to enable the assignee to hold the property for the particular distribution provided in the assignment, and subjects him to a trustee process, leaving his eventual liability to depend upon

the fact whether there is a surplus after the payment of the debts secured by mortgage and by attachment; and this trustee process must of course, like other attachments, be liable to be defeated by proceedings against the debtor under the insolvent law.

It is no valid objection, that it was not physically impossible to have attached the specific goods, which were the subject of the assignment, or that the possession and interest of the trustee, at the time of the service of the trustee process on him, was a qualified one, and liable to be defeated by a foreclosure of the mortgage, or by a levy of execution by the attaching creditor. *Parker* v. *Kinsman*, 8 Mass. 486. *Burlingame* v. *Bell*, 16 Mass. 318. *Swett* v. *Brown*, 5 Pick. 180.

The goods in Kimball's possession passed to the trustee by the assignment from Huston, made before the service of this process, and having subsequently actually come into the possession of the trustee by virtue of such assignment, and having been sold by him under it, he is now to be charged with them.

As to the money received from Kimball, a different rule should apply, and the trustee is not to be charged.    *Trustee charged.*