Welch, J.
An ex parte temporary restraining order was issued pursuant to defendant’s motion which restrained the plaintiffs from holding a sheriffs sale in relation to one snowmobile. This snowmobile was taken from the defendant’s unlocked garage pursuant to a valid writ of execution. The defendants have argued, relying on rather ancient precedent, that a deputy sheriff acted unlawfully in entering into unlocked garage and exiting with the snowmobile. The plaintiff has vigorously responded, with equally ancient precedent, that such an entry was not a breach of the peace and was perfectly appropriate.
*326 Although the law is sparse and well aged in this area, it appears that the plaintiff has the better side of the argument. It is important to note that this case does not involve a forced entry into the home of the defendant. Compare Casselman v. State, 472 N.E. Reports 2nd, 1310 (Indiana 1985). See also, Ilsley v. Nichols, 29 Mass. 270 (1832), and Swain v. Mizner, 74 Mass. 182 (1857). Because the property was located in an unlocked building which was not an integral part of a dwelling house and because the property was seized pursuant to a valid writ of execution and without any violence or destruction of property, it appears to be a lawful execution of the writ. See Shapiro, et al, Massachusetts Collection Law, 2nd Edition (Mass. Practice Library, Lawyers Cooperative Publishing, 1992) Section 9:18. See also, Platt v. Brown, 33 Mass. 553, 556 (1835) (officer properly broke down warehouse door to attach goods after have been refused permission to enter); Cate v. Schaum, 51 MD 299 (1879).
Because the defendant, as a condition in obtaining the ex parte temporary restraining order, has already waived any further publication or notification requirements, the sheriffs sale relating to the snowmobile may be held at anytime convenient to the plaintiff. The defendant’s request for a preliminaiy injunction is denied.