## CLARK VS. CLIFFORD.

### *Contract construed.*

Plaintiff agreed to saw for the defendant 800 M. of lumber, as soon as it could be done with ordinary diligence, after the logs were delivered at his mill, and defendant was to pay therefor $2.50 per M., " $1.75 per M. to be paid before the lumber left the eddy below the mill, and the balance as soon as it was sold in the market." *Held*, that when *any part* of the lumber had been delivered to defendant,. and had "left the eddy" to be run to market by him, payment was due thereon at $1.75 per M.

APPEAL from the Circuit Court for *Portage* County.

By a contract between the parties to this action, entered into in January, 1869, " said *Clark* agrees to saw 800,000 feet of lumber for said *Clifford*, as soon as it can be done with ordinary diligence after the logs are delivered," at *Clark's* mills at the city of Stevens' Point, "for $2.50 per thousand feet; [said logs] to be sawed as soon as the ice is out of the river sufficiently to run the same with safety, and to deliver them in the boom," at said mills, "as fast as they are needed to keep one saw running; for which said *Clifford* agrees to pay *Clark* said sum of $2.50 per thousand feet as follows: $1.75 per thousand feet to be paid before the lumber leaves the

eddy below the mill, and the balance to be paid as soon as the lumber is sold in market. And *Clark* is to hold a lien on said lumber for the balance until paid. And *Clark* agrees to saw for *Clifford* all of the logs that he [*Clifford*] may deliver in the boom during the summer of 1869, on the same terms as above specified, to be sawed as delivered in the boom during said summer; and *Clifford* agrees to deliver logs during the summer sufficient to make 400,000 feet of lumber, or more, and to pay for sawing the same as hereinbefore specified."

This action was commenced May 5th, 1869, and the complaint avers that *Clark* had sawed from logs furnished by *Clifford* before that time, at said mills, 100,000 feet of lumber, and had duly performed all the conditions of said contract on his part; that said lumber had left the eddy below said mills, and had been sold in market by the defendant, but he had refused to pay plaintiff for sawing it the sum of $2.50 per thousand feet, as he had agreed to do. Judgment is accordingly demanded for $250, with interest, etc.

The answer contained a general denial.

The court found "that the defendant, under said contract, furnished sufficient logs therefor, and the plaintiff sawed for him 100,000 feet of lumber therefrom, and delivered the same to the defendant, in accordance with the terms of said contract on his part to be performed, so far as the sawing of said logs and the delivery of said lumber to defendant is concerned; and that defendant received said lumber, and ran the same beyond the eddy below the mills, mentioned in the contract, but had not sold it in market." It thereupon held that defendant was indebted to plaintiff in the sum of $175, and directed judgment to be entered accordingly. The defendant moved for a new trial, on the ground that the court erred "in finding that plaintiff had performed all the conditions of the contract in sawing and delivering the lumber to defendant," and "in not deciding the contract an

entirety, and that plaintiff had no cause of action until he had sawed 800,000 feet, according to the contract, or shown an excuse therefor." The motion was denied, and defendant appealed from the judgment.

*G. L. Park*, for appellant, contended that the contract was entire, and that plaintiff had no cause of action until he had sawed the whole 800,000 feet, or shown a legal excuse for non-performance ; that the contract created no separable parts upon which independent causes of action could arise ; that the $1.75 per thousand feet, "to be paid before the lumber leaves the eddy," was intended to be a payment on the whole 800,000 feet, and not upon parts or parcels thereof, as the work of manufacturing progressed ; and that there was no averment or pretense on the part of the plaintiff, that defendant had failed to deliver the logs. 2 Parsons on Con. 517 ; 13 Wis. 658 ; 10 Johns. 203 ; 3 Hill, 30, 31 ; Edwards on Bailments, 354.

*James O. Raymond*, for respondent.

COLE, J.   It is insisted by the counsel for the defendant that the contract sued upon is entire, and that the plaintiff had no cause of action until he had sawed the whole 800,000 feet, or shown a legal excuse for non-performance.   The contract, it is said, created no separable parts or portions, upon which the consideration for sawing the lumber can be apportioned.   This construction of the contract we consider unsound.   According to the contract, the plaintiff agreed to saw 800,000 feet of lumber for the defendant as soon as it could be done with ordinary diligence after the logs were delivered to him at his mills by the defendant, for the sum of $2.50 per thousand, for which the defendant agreed to pay as follows: "One and seventy-five one-hundredths dollars per thousand feet to be paid before the lumber leaves the eddy below the mill, and the balance to be paid as soon as the lumber is sold in market."   In view of

this clause there would not seem to be any ground for holding that the plaintiff was to receive nothing for manufacturing the lumber until he had sawed the whole 800,000 feet. It is not reasonable to conclude that the parties expected the entire quantity of lumber would be delivered at one time, and "leave the eddy" together. Such a construction of the contract would be unreasonable, and would do violence to the language employed. The plaintiff has delivered 100,000 feet, and the defendant has accepted it. That quantity has "left the eddy below the mill," and the defendant is clearly bound to pay at the rate of $1.75 per thousand feet therefor. This is the plain meaning of the contract, and effect should be given to it accordingly.

*By the Court.* — The judgment of the circuit court is affirmed.