Tessier v. Reed, Jones & Co.

Louis Tessier, plaintiff in error, v. Reed, Jones & Co., defendants in error.

1.  **Pleading:** PETITION.  A petition which alleges that the defendant is indebted to the plaintiff for a specific sum then due and payable, for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant, states a cause of action, although subject to a motion to make definite and certain.

2.  **Attachment.**  Affidavit for an attachment, *Held,* Sufficient.

Error to the district court for Gage county.  Tried below before Davidson, J.

*T. D. Cobbey* and *J. E. Cobbey,* for plaintiff in error.

*Burke & Prout,* for defendants in error.

Maxwell, J.

The defendants in error brought an action in the district court of Gage county to recover the sum of $348.  The plaintiff in error demurred to the petition upon the ground that the facts stated therein were not sufficient to constitute a cause of action.  The demurrer was overruled, to which the plaintiff in error excepted, and as he elected to stand on his demurrer judgment was rendered against him in favor of the defendants in error for the sum of $475.36.

The following is a copy of the petition, omitting the title and verification: "The plaintiff complains of the defendant and for cause of action says that there is now due and owing from the defendant to the plaintiff for goods, wares, and merchandise heretofore sold and delivered by the plaintiff to the defendant the sum of three hundred and forty-eight dollars.  Wherefore the plaintiff prays judgment against the defendant for the sum of three hundred and forty-eight dollars and costs of suit."

1.  This is the substance of the common count for goods

sold and delivered, and while open to the objection of indefiniteness, and therefore subject to a motion to make definite and certain, it is sufficient to show a liability of the defendant in favor of the plaintiff. The court did not err, therefore, in overruling the demurrer.

The judgment, however, is for a sum greatly in excess of the amount claimed in the petition, and it will be reversed unless the defendants in error remit the excess, in which case the judgment will be affirmed.

2.   It is claimed that the court erred in refusing to discharge the attachment, the principal ground of error being that the affidavit for the attachment is insufficient. The following is a copy, omitting the signature and jurat: "T. F. Burke, being first duly sworn, deposes and says that he is one of the att'ys for the plaintiffs, and that the plaintiffs have commenced an action against one Louis Tessier, in the district court of Gage county, to recover the sum of three hundred and forty-eight dollars now due and payable to the plaintiff from the defendant upon an account for goods sold and delivered by the plaintiff to the defendant at his request; affiant further says that said claim is just, and that the plaintiff ought, as he believes, to recover thereon the sum of three hundred and forty-eight dollars, and that the defendant, Louis Tessier, is about to convert his property or a part thereof into money for the purpose of placing it beyond the reach of his creditors." This, while not as formal perhaps as could be desired, is sufficient to sustain the attachment. Judgment will be entered in conformity to this opinion.

JUDGMENT ACCORDINGLY.

THE other judges concur.