GRACE K. REED ET AL., APPELLEES, v. JOSEPH C.
FLETCHER ET AL., APPELLANTS.

1. Attachment: GARNISHMENT: CASE STATED. R., J. & Co.,
and L., E. & Co., each having claims against one L. T., a retail
merchant, who was in failing circumstances, severally sued,
took out orders of attachment, which were served by the sheriff
by attaching the goods of L. T., worth about $6,000. The Blue
Valley Bank held a chattel mortgage on the goods for about
$2,500, upon which it replevied the goods from the sheriff. R.,
J. & Co. and L., E. & Co. then each took out process in garnish-
ment in their several actions, which were duly served on the
said bank as garnishee. Afterwards, L. S., who was also a
creditor of L. T., obtained five judgments against him in the
county court, and caused executions to be issued thereon, and
placed in the hands of J. C. F., a constable, who, by virtue there-
of, seized the balance of said goods, of the value of about $3,000,
remaining in the possession of the garnishee, bank, after the
satisfaction of its mortgage, and sold the same at public ven-
due, retaining the proceeds. The bank answered as garnishee
in the several cases, setting up the facts as above. Before the
causes of R., J. & Co. and L., E. & Co. v. L. T. were, or could
be, brought on for trial and judgment in the district court, the

balance of the goods had been seized and converted by J. C. F., as above stated, and the Blue Valley Bank had ceased to exist. In an action in the nature of equity by R., J. & Co. and L., E. & Co., against all of the other parties here named, except L. T., for the purpose of enforcing their liens upon the proceeds of said goods in the hands of J. C. F., *Held*, That by the service of the several orders in garnishment on the said bank, the goods of L. T. in its possession, over and above sufficient thereof to satisfy its mortgage, were constructively placed in the custody of the law, and the plaintiffs in garnishment had an equitable lien thereon for the amounts of their respective claims.

2. ——: ——. Whether J. C. F., constable, by virtue of the executions in his hand, obtained legal possession of said goods is not decided.

3. ——: ——. But his possession of said goods, if legal, was subject to the rights and equitable liens of the plaintiffs in garnishment.

4. ——: ——. For the reasons set out at length in the opinion, *Held*, That the plaintiffs in garnishment have not lost their respective rights to the proceeds of the sale of said goods by *laches*.

. APPEAL from the district court of Gage county. Heard below before BROADY, J.

*J. E. & T. D. Cobbey,* for appellants, on alias order of attachment, cited: *Randle v. Mellen,* 8 Atl. Rep., 573. Sec. 221, Code. *Wescott v. Archer,* 12 Neb., 349. *U. P. R. R. v. Smersh,* 22 Neb., 751. Maxwell's Practice, form 706, p. 505, Edition 1885. *Reed v. Maben,* 21 Neb., 701. On liability of garnishee, cited: *Russell v. Duflon,* 4 Lans., 399. *Dolby v. Tingley,* 9 Neb., 417. *Rice v. Whitney,* 12 Ohio State, 358. Laches of plaintiffs. *Clark v. Patterson,* 5 Atl. Rep., 564. *Hall v. Carney,* 3 N. E. Rep., 14. Drake on Attachment, Sec. 360. *Meacham v. Strong,* 13 P. R., 245. *Blake v. Hubbard,* 7 N. W. Rep., 204. *Ray v. Harcourt,* 19 Wend., 495.

*Burke & Prout* and *Hazlett & Bates,* for appellees, cited: Willard's Equity, 49. *Weaver v. Cressman,* 21 Neb.,

678.   Drake Attachment, Sec. 453.   *Mathews v. Smith,* 13 Neb., 189.   *Blue Valley Bank v. Bane & Co.,* 20 Neb., 300.

COBB, J.

This case arises upon appeal from the district court of Gage county, and out of the business failure of one Louis Tessier, a merchant tailor and dealer in gentlemen's furnishing goods, late of that county.   Several cases growing out of the same transactions have been before this court, but not involving the questions of law here presented.

The action was brought in the district court by Grace K. Reed, Ellis O. Jones, Freeman P. Kerkendall, and Charles A. Coe, partners doing business under the firm name and style of Reed, Jones & Company, Samuel Lockwood, George I. Englehart, Robert Wemining, and John A. Johnson, partners doing business under the firm name and style of Lockwood, Englehart & Company, plaintiffs, against Joseph C. Fletcher, Eric W. Fenton, Ada C. Fenton, The Blue Valley Bank of Wymore, a corporation duly organized and existing under the laws of Nebraska, the Citizens Bank of Wymore, a corporation duly organized and existing under the laws of the state of Nebraska, Louis Schackman, and Clement Bane & Co., defendants.

The petition in that court alleges that, on the 7th day of March, 1883, the plaintiffs, Reed, Jones & Co., commenced an action in the district court of Gage county, Nebraska, against one Louis Tessier, who was at that time engaged in the merchandising business, to recover the sum of $348; that plaintiffs in said cause filed their affidavit and bond, and caused an order of attachment against the property of said Tessier to be issued out of said court, and placed in the hands of the sheriff of said county; that on the said day, the plaintiffs, Lockwood, Englehart & Co.,

also commenced an action in said court against said Louis-Tessier, to recover the sum of $1,963.19; that the plaintiffs in said last mentioned cause also filed their affidavit and bond, and caused an order of attachment against the prop-erty of said Tessier to be issued, and placed the same in the hands of the sheriff of said county; that on the 9th day of March, aforesaid, the said sheriff, under and by virtue of said two orders of attachment, levied on the stock of goods belonging to the said Tessier, and caused the same to be appraised as provided by law; that there-after, on the 17th day of March, aforesaid, the coroner of said county took all of said property so levied on by said sheriff under and by virtue of said two orders of attach-ment from said sheriff, under and by virtue of a writ of replevin issued out of said court, in a suit then pending in said court, in which the defendants, The Blue Valley Bank of Wymore and Ada C. Fenton, were plaintiffs, and N. Herron, sheriff as aforesaid, was defendant, said Blue Valley Bank and Ada C. Fenton claiming said property under and by virtue of two certain chattel mortgages, exe-cuted and delivered by said Louis Tessier to said Blue Valley Bank and Ada C. Fenton, to secure the payment respectively of $1,200 and $381; that thereafter, on the 20th day of March, aforesaid, the said plaintiffs, in each of their said cases against said Louis Tessier, filed their affidavits in garnishment against said Blue Valley Bank and Ada C. Fenton, and caused notice of garnishment to be served on them; that afterwards the defendants, Clement Bane & Co., started suit against said Tessier, and also caused an order of attachment and a proceeding in garnishment to issue and to be served in like manner as the said plaintiffs herein had done, but all of which was done subsequently to the like proceedings by these plaintiffs.

That thereafter, and prior to the May, 1886, term of said court, the said garnishees, Ada C. Fenton and the

Blue Valley Bank of Wymore, filed their answers as such garnishees in the said district court of said county, in each of said cases of Reed, Jones & Co., and Lockwood, Englehart & Co., against said Louis Tessier, in substance, that they took said stock of goods to satisfy their said mortgages and costs of sale, and had in their possession goods of about the value of $3,000, belonging to said Tessier, which was the surplus of said stock remaining after selling enough to satisfy their said mortgages and costs of sale; that thereafter, by leave of said district court, the said garnishees filed their supplemental and amended answers as such garnishees; that in said cause of Reed, Jones & Co. v. Louis Tessier, the said plaintiffs, on the 5th day of March, 1884, recovered a judgment against the said Louis Tessier, defendant, for the sum of $348 debt, and $56.64 costs of suit; that in said cause of Lockwood, Englehart & Co. v. Louis Tessier, the said plaintiffs, on the 19th day of June, 1884, recovered a judgment against said defendant, Tessier, for the sum of $1,652.20 debt, and $102.42 costs; that both of said judgments still remain unreversed and in full force, unpaid and unsatisfied; that thereafter, on the 24th day of September, 1884, the cause of Reed, Jones & Co. v. Tessier came on for hearing in said district court, on the supplemental answer of said garnishees, and it was on said day ordered, adjudged, and decreed by the said court that the Blue Valley Bank of Wymore, as garnishee, is found to have property in its hands liable to the satisfaction of the claim herein exceeding the amount due thereon, which was thereupon found by the court to be $510.63, and costs amounting to $59.90, and the said garnishee was ordered to pay the said amount into court, within sixty days; that the said cause of Lockwood, Englehart & Co. v. Louis Tessier is still pending and undetermined in said district court on said answers of said garnishees.

That on the 31st day of March, 1883, five suits were com-

menced in the county court of Gage county, by defendant, Louis Shakman, against the said Louis Tessier, on five promissory notes for $449.56 each, and that thereafter, on said day, judgment was rendered upon confession of the said Louis Tessier, in each of said cases in the amount of $449.56; that thereafter, on April 13, 1883, affidavits in attachment and garnishment were filed in each of said cases, and the Blue Valley Bank and Ada C. Fenton were summoned as garnishees of the defendant, the said Louis Tessier; that afterwards, on the 7th day of May, 1883, the answers of said Blue Valley Bank and Ada C. Fenton, as garnishees, were filed in said court, in each of said cases, in which they said, after answering that they held property of the value of about $3,000, and that their mortgages had been satisfied, that while said bank had possession of said goods certain creditors of L. Tessier, to-wit, Lockwood, Englehart & Co., Clement Bane & Co., and possibly others, caused garnishee summons to be issued and served on the Blue Valley Bank, which garnishees have been answered, but the district court from whence they issued has made no order in the premises, and said garnishees ask said court to protect their interest in the premises.

That afterwards, on the 4th day of June, 1883, the said county court issued an order in each of the said cases, directed to the sheriff or any constable of said county, reciting that, whereas on the 7th day of May, 1883, the Blue Valley Bank of Wymore and Ada C. Fenton, of the same place, filed their answers in writing, as garnishees of Louis Tessier, in a suit in said court, wherein said Louis Tessier was defendant, Louis Shakman was plaintiff, said garnishees admitted that they held a certain stock of goods of said Louis Tessier, in the Smith store-room in Wymore, in said county, worth about $3,000, said store-room situated on lot 6, block 28, of said town of Wymore; said garnishees, further answering, say that, while said bank

had possession of said goods, certain creditors of said L. Tessier, to-wit, Lockwood, Englehart & Co., Reed, Jones & Co., Mack Stadler & Co., Clement Bane & Co., and possibly others, caused garnishee summons to be served on said Blue Valley Bank and said Ada C. Fenton; said garnishees have answered, but the district court from whence they issued have made no order in the premises; and whereas an order was made in this court requiring said garnishee to turn over said property to the sheriff or some constable of said county, you are therefore commanded to forthwith receive and cause the said goods and chattels, situate and being in Gage county, known and described as follows, to-wit: A certain stock of goods in Smith's store-room, on lot 6, in block 28, in the town of Wymore, to be advertised and sold according to law as upon execution, to satisfy judgment of $449.62, and interest thereon from the 31st day of March, 1883, and costs of said suit taxed at $1.25, together with accruing costs, according to a judgment rendered by the county court on the 31st day of March, 1883, in a certain action then pending, wherein the defendant, Louis Shakman, was plaintiff, and Louis Tessier was defendant. The money received from said sale of said goods to be applied in satisfaction of said judgment so far as the answer of said garnishees will permit, and that you return this order with your proceedings under the same thereon, duly endorsed, within thirty days of your receipt thereof.

That thereafter said five orders of sale were delivered to the defendant, Joseph C. Fletcher, who was then a constable in Gage county, and thereafter the defendants, the Blue Valley Bank of Wymore and Ada C. Fenton, conspiring and conniving with the said Louis Shakman and said Joseph C. Fletcher, constable, to allow the said Fletcher unlawfully to obtain possession of the surplus of goods in their hands, and disregarding the orders issued out of this court (the district court of Gage county), did

unlawfully turn said goods over to said Fletcher under said orders of sale, with the intent to defraud these plaintiffs out of their lien on the same, and thereby to hinder, delay, and prevent them from the speedy collection of their said judgments against said Louis Tessier.

That thereafter, after said surplus goods had been so fraudulently and unlawfully turned over to said Fletcher, constable, as aforesaid, by said defendants, the said Fletcher, pretending to act under said orders of sale, did advertise and sell the said surplus of said goods at public auction, for the sum of $1,587.87, which sum was much less than the value of said surplus, and he thereafter, on or about the third day of July, 1883, made his return to the county court of said county on said order of sale, showing the gross proceeds of said sale to be $1,589.87, and the costs of said sale to be $268.25, leaving the net proceeds of said sale $1,321.62, and said balance realized from said sale is now in the hands and possession of the said Fletcher, who claims to hold the same subject to the order of this (the district) court.

That thereafter the defendant, Louis Shakman, appeared in said county court in said cases of Louis Shakman v. Louis Tessier, and made motions in each of said cases for an order requiring said Fletcher to turn said proceeds of said sale over to him or his attorneys, to apply on his said judgments, above referred to, which said motions were, by the consideration of the said county court, each of them denied, from which decisions no appeal or writ of error was ever taken, and the said defendant, Fletcher, still holds the said net proceeds of said sale, to-wit, the sum of $1,321.61, in his possession.   Plaintiffs allege that the goods formerly by the said Louis Tessier so unlawfully and fraudulently turned over by the defendants, the Blue Valley Bank and Ada C. Fenton, garnishees as aforesaid, to the defendant, Joseph C. Fletcher, were the same and identical goods referred to by said garnishees in the district court of Gage

county in the cases of these plaintiffs against said Louis Tessier, and that the said sum of $1,321.61, the net proceeds of the goods so unlawfully sold by said Joseph C. Fletcher, as shown by his return to said order of sale, is proceeds of the sale of the goods and the surplus held by the said garnishees, as shown by their answers in said cases as made to this court. Plaintiffs further say that Louis Tessier and the defendants, the Blue Valley Bank of Wymore, J. C. Fletcher, and Ada C. Fenton, are insolvent, and these plaintiffs are without any remedy to recover the amount of their judgments, except that they recover the $1,321.61 aforesaid, now in the hands of the defendant, Joseph C. Fletcher, and which said amount they are equitably entitled to have applied to the satisfaction of their said judgments. With prayer.

The defendant, the Blue Valley Bank, answered, disclaiming any and all interest in the subject of this litigation.

Eric W. Fenton and Ada C. Fenton made a like answer and disclaimer.

The defendant, J. C. Fletcher, answered, alleging that on or about the 4th day of June, 1883, while he was a duly elected and qualified constable of Gage county, he received out of the county court of said county, five several orders of sale issued in five cases in said court, in which Louis Shakman was plaintiff and Louis Tessier was defendant; that said orders were all alike, and in the aggregate amounted to $2,448.10 and interest and costs; that each of said five orders directed and commanded the officer receiving them to take into his custody and sell and convert into money certain property therein described, and to report his doings and to hold the proceeds of said sale subject to the order of said county court; that, acting under and by virtue of the power conferred upon him by said orders, and as a constable of Gage county, as aforesaid, he proceeded to advertise said property referred to in

said orders, and to reduce the same to money, according to law, under command of said order; that the property mentioned in said orders was not owned or claimed by any person, and the taking possession and sale of said property was all public, open, and notorious, and the plaintiffs, Reed, Jones & Co., Lockwood, Englehart & Co., and the defendants, Eric W. Fenton, Ada C. Fenton, and the Blue Valley Bank of Wymore, had actual knowledge of the seizure of said property at the time or shortly after it was seized by said answering defendant, and each and all had actual knowledge of its advertisement and sale, and that none of said plaintiffs or defendants forbid or attempted to interfere with defendant in the execution of said order of sale; that said property sold for its fair value; that the net proceeds of said sale was $1,321.61; that on the 3d day of July, 1883, he returned into the said county court, from whence they had issued, the said five orders of sale, with a full itemized statement of his doings under said orders endorsed thereon in writing, asked the said county court to order and instruct him what to do with the said sum of $1,321.61, the net proceeds of said sale; that on account of certain litigation then pending, defendant was directed by the said court to hold said money until further orders of said county court; that defendant is still holding said money.

The said defendant in his answer denies the jurisdiction of the district court over him in the said matters, and denies the jurisdiction of the said court to make any order in regard to the money held by him as the proceeds of said sale. That the said Louis Shakman, the plaintiff in the said five cases in the county court, has not been made a party to this action, and that he, the said Shakman, still claims the said money in the hands of defendant. Defendant denies any and all collusion or fraud on his part, and says that in all things he acted in good faith and under the order of the county court, and that if the

plaintiffs or either of them had or claimed any lien or claim upon said stock of goods, or any part thereof, he was not aware of it. And defendant denies all allegations of plaintiffs' petition not in said answer admitted or denied.

The defendant, Louis Shakman, also filed his answer, in which he denied all of the allegations of the petition except such as were in said answer expressly admitted. He then proceeds to set out substantially the same facts as those contained in the answer of J. C. Fletcher, in respect to the recovery by him of the five several judgments in the county court of Gage county, against said Louis Tessier, the issuing of executions upon each of the said judgments, their return unsatisfied, the issuance of summons in garnishment in said several causes against the Fentons and the Blue Valley Bank of Wymore, the appearance and answers of said garnishees in the county court; the issuance of an order by said county court to said garnishees to hold any surplus of said property subject to the order of said county court, and that of the making of said order by said county court the attorneys for the plaintiffs had full and actual knowledge at the time; of the making by the said county court of the orders to the sheriff or any constable of said county to receive the surplus of said stock of goods and sell the same as provided by law for the benefit of said defendant. At the time said orders of sale and executions were issued, upon which said property was sold, and at the time the same was so taken, it had been abandoned by said garnishees, with the full knowledge and consent of the plaintiffs, and not claimed by any one adversely to defendant. He denies the power of the district court in the premises, and denies that the plaintiffs, or either or any of them, had any lien or legal attachment or garnishment upon the said property, the Blue Valley Bank or the Fentons, or either of them. He also denies that the said Blue Valley Bank or the said Fentons, or either of them, are

insolvent, but alleges that at all times and dates mentioned in the petition, or either of the answers herein, a judgment of $5,000 could have been made, and could at the date of said answer be made, out of either of said garnishees; that the Citizens Bank of Wymore, one of the defendants herein, is the successor to the defendant, the Blue Valley Bank, which said Citizens Bank is now in active operation and solvent; that the order of said county court, by which the said J. C. Fletcher was ordered to pay said money into said county court, had never been appealed from, etc., with prayer for relief.

The defendants, Clement Bane & Co., also filed their answer, setting up substantially the same facts as set up in and by the answers of the other defendants herein, with the additional allegation that, on the 9th day of March, 1883, they had issued from the district court of Gage county a summons and an order of attachment against the person and property of said Louis Tessier, which said writ of attachment was served on the property of said Tessier on the 10th day of March, 1883, at 6 P.M., it being the same property referred in plaintiffs' petition; that said defendant thereby had acquired a valid lien upon said property, with prayer for judgment that they be paid the sum of $827.64, the amount of their judgment against said Tessier, together with costs of said suit, amounting to $34.15, etc.

There was a trial to the court, with a general finding and judgment for the plaintiffs. The defendants, Clement Bane & Co. and Louis Shakman, each severally presented motions for a new trial, which being overruled, judgment was rendered for the plaintiff. The cause comes to this court on appeal in behalf of all of the defendants.

The bill of exceptions exhibits a copy of the answer, in garnishment, of the cashier of the Blue Valley Bank of Wymore in the action of Lockwood, Englehart & Co. against Louis Tessier, in the district court; a copy of the

order of the county court to the sheriff of Gage county, stating the premises in due form, that said garnishees in the action of Louis Shakman against Louis Tessier had answered and admitted that they held a certain stock of goods of said Tessier, in the Smith store at Wymore, worth about $3,000, and that said district court had made no order of garnishment, and whereas said county court had previously ordered said garnishees to turn over said property to the sheriff or to some constable of the county; therefore the sheriff or constable was commanded to forthwith receive said goods (describing them and where situate) and cause them to be advertised and sold, according to law, to satisfy a judgment of $449.62, and interest from March 31, 1883, and costs $1.25, and accruing costs, etc. There are four other orders of the same tenor and date, and a copy of the answer of the garnishees, E. C. Wilcox, cashier of the Blue Valley Bank, and agent of Ada C. Fenton, in actions of Reed, Jones & Co., and of Lockwood, Englehart & Co., and of Mack Stadler & Co. against Louis Tessier, sworn to March 6, 1884, but without date of filing thereon. There is also exhibited the order of attachment of Lockwood, Englehart & Co. against Tessier, of March 22, 1883, with the sheriff's return, showing that he received the writ that day at 2 P.M., and not being able to come at the property of Tessier, which was claimed to be in the possession of Ada C. Fenton and the Blue Valley Bank of Wymore, on the same day, at 6 P.M., served the writ on Ada C. Fenton, personally, and the Blue Valley Bank, by a copy to the cashier of the bank, with written notice to the parties to appear and answer as garnishees and debtor of defendant, and as such required not to pay any debt due, or to become due, to the defendant, but to retain possession of all property of the defendant now, or hereafter, in their custody or under their control, that the same may be dealt with according to law. They were further notified to appear before the district

court on the first day of the next term, at 11 A.M., March 26, 1883, and answer such interrogatories as there might be propounded, or that they would be liable to pay the entire judgment obtained by the plaintiff. Following this is exhibited the affidavit of T. Farrer Burke, plaintiffs' attorney, on which the notices of garnishment were issued. The original affidavits in the attachments of Reed, Jones & Co., and of the order of attachment in same action against Louis Tessier, are exhibited with the sheriff's return that he received the order at 1:30 P.M., March 7, 1883, and on the 9th, following, at 6 P.M., in the presence of W. H. McClelland and O. F. Jaynes, credible persons and residents of the county, attached the property of the defendant, and administering oaths to Julius Newman and O. F. Jaynes to make a true inventory and valuation thereof, in writing, with them he then made such an inventory and appraisement, duly signed and returned the same into court. No other property was attached, but while holding the same, March 19th, following, was served with a writ of replevin by the coroner of the county, and the property was thus taken from his custody.

The affidavit of the plaintiffs' attorney in suit of Reed, Jones & Co. against Louis Tessier is exhibited to obtain an order of garnishment against the Blue Valley Bank and Ada C. Fenton, and a copy of the original order of attachment and the sheriff's return, that he received the order at 2:40 P.M., March 22, 1883, and not being able to come at the property of Tessier, which was claimed to be in the possession of Ada C. Fenton and the Blue Valley Bank of Wymore, on the same day, at 6 P.M., served the writ on Ada C. Fenton, personally, and the Blue Valley Bank by copy to the cashier of the bank, with copies of the order of attachment and notice in garnishment to the parties. A copy of the original order of attachment is exhibited in the action of Lockwood, Englehart & Co. against Louis Tessier, with the sheriff's return that he received the same

at 11 A.M., March 7, 1883, and in the presence of W. H. McClelland and O. F. Jaynes, credible persons and residents of the county, attached the property of the defendant, and administering oaths to Julius Newman and O. F. Jaynes to make a true inventory and valuation thereof, in writing, with them he then made such an inventory and appraisement, duly signed, and returned the same into court. No other property was attached, but while holding the same, March 19th, following, was served with a writ of replevin by the coroner of the county, and the property was thus taken from his custody.

The answer of Ada C. Fenton, as garnishee, in Shakman's action against Tessier, in the county court, May 7, 1883, stated that, " she had a mortgage on Tessier's stock of goods of $388.39, which stock was taken into her possession, in connection with the Blue Valley Bank mortgage, which mortgages have been satisfied, and she now holds the goods jointly with the bank."

The answer of the Blue Valley Bank, as garnishee, in Shakman's action against Tessier, in the county court, states that it had a mortgage on Tessier's stock of goods of $1,215, which stock was taken possession of and sold, sufficient to satisfy the mortgage, and remains in possession, except the amount to satisfy the claim of Ada C. Fenton; that the remainder is worth $3,000, situate in Smith's store-room, lot 6, block 28, in the town of Wymore, with rent due from May 1, 1883; and the further statement that, while the bank had possession, certain creditors of Tessier, Lockwood, Englehart & Co., Reed, Jones & Co., Mack Stadler & Co., Clement Bane & Co., and possibly others, caused garnishee summons to be served on the bank, which have been answered; that the district court, whence the writs issued, has made no order of appropriation, and the bank asks protection for its interests.

A copy of the order in garnishment against Mrs. Fenton and the bank, in the county court, of Shackman against

Tessier, with the sheriff's return and order of sale, notice of sale, and sheriff's return of sale, are exhibited.

A copy of the journal entry of the district court of Gage county of judgments of Reed, Jones & Co. against Tessier, with order of advertisement and sale of property attached, is exhibited.

A copy of the mandate of this court to the district court of Gage county, in the action of Reed, Jones & Co. against Tessier, commanding the lower court to carry into effect its judgment, as modified in this court, is exhibited, and also a copy of the journal entry of the lower court in said cause, finding that the Blue Valley Bank, as garnishee, had property in possession liable to the claim and costs of $579.53, with order that the garnishee pay that amount into the court within sixty days from September 24, 1884.

The defendants exhibited a copy of an execution of the county court in Shackman against Tessier, with the constable's return of no goods found whereon to levy; also a copy of the affidavit of J. E. Cobbey, attorney for Shakman, for an order of garnishment, against Eri W. Fenton, Ada C. Fenton, and the Blue Valley Bank in the action of Shakman against Tessier in the county court; also the order in garnishment of said court to said garnishees, and the sheriff's return thereon; also copies of the affidavit of said attorney in said cause in said court, showing the perishable character of the goods, shown by the garnishees' answers in the several causes of said parties, in the possession of the garnishees, belonging to the defendant, applying for an order upon the garnishees to turn the property over to the sheriff, or to some constable, to · be reduced to money as if taken on execution; also the order of the county court, in compliance with the attorney's affidavit and application, and the return of J. C. Fletcher, constable, of said order and four similar ones, in the other mentioned cases, of said parties, stating the receipt of the property from the Blue Valley Bank, its removal, its invoice, the advertisement of sale, the set-

ting off to defendant, Tessier, $500 of goods as exempt from seizure, the sale of the remainder at vendue for $1,589.87, deducting costs of procedure and sale, $268.26, leaving net proceeds of $1,321.61 in the constable's hands, which he holds subject to the order of the court, being unable to determine to whom it should be paid—dated July 3, 1883.

There is also in the record a copy of the recovery in the Gage county court of judgment by confession for $449.62 debt and $1.25 costs, in favor of Shakman against Tessier, March 31, 1883, the issuance of an execution thereon, and of summons in garnishment against Eri W. Fenton, Ada C. Fenton, and the Blue Valley Bank, the answers in garnishment of Ada C. Fenton and the bank, the order of the court to turn over the property to the sheriff or any constable, the issuance of an order of sale, the affidavits of the attorney of Shakman in the five cases against Tessier that the goods held by the garnishees are perishable, the return of J. C. Fletcher, constable, of the sale of the goods, the motion of Shakman for an order that the constable turn over to him or his attorney the proceeds of the execution and sale according to his return, which motion was resisted by counsel of the Blue Valley Bank, and was overruled, the final order of the county court of December 24, 1885, requiring the officer to turn over the net proceeds to Shakman or his attorney of record.

The first point raised by counsel for appellants which it is deemed important to discuss here, is, that the alias order of attachment in neither of the cases of Reed, Jones & Co. v. Louis Tessier, nor Lockwood, Englehart & Co. v. the same, was served upon the defendant, Tessier, and no service of the summons or first order of attachment, in either case, is shown by the record. This, counsel urge, is a fatal defect in plaintiffs' case, and they cite authorities to that effect. The objection that the summonses were not served on the defendant was, surely, a serious if not

fatal one, had the attention of the trial court been called to it before the defendant, Tessier, had, by his appearance in and defense of the cases, waived any and all defects in the service of the original process.    This was not done, but, on the contrary, the defendant appeared by attorney, plead to the merit, went to trial, and upon being unsuccessful in his defense, in the district court, brought both cases to this court on error, where he was again unsuccessful. See *Louis Tessier v. Reed, Jones & Co.*, 17 Neb., 105, and *Same v. Lockwood, Englehart & Co.*, 18 Id., 167.    No question could then be raised in this case as to service of the original summons on the defendant, Tessier.    In regard to the service on the defendant, Tessier, of the original or alias orders in garnishment, it will be observed that these were cases of garnishment before judgment.    I am unable to find any provision of statute requiring the order in garnishment in such cases to be served on the principal defendant in the case, nor do I think that such is required in such cases, especially where the defendant, as in these cases, makes a general appearance in the case.    The case cited by counsel, *Union Pacific Ry. Co. v. Smersh*, 22 Neb., 751, is a case of garnishment after judgment, upon an execution issued by a justice of the peace, in which case a different rule prevails.

Counsel for appellants make the point, which should have been given precedence of the one just considered, that the garnishment proceeding of Reed, Jones & Co. is fatally defective and void, for the following reasons : The statute nowhere provides for the issuance of an *alias* order of attachment.    The so-called alias order in this case was issued on the 22d day of March, 1883.    The first order was issued March 7th, 1883, returnable March 19th, upon the only affidavit and bond filed in the case, and was returned on the return day, fully satisfied by levy ; no new affidavit or bond was filed, nor any reason given to justify the issuance of an *alias* order, etc.    Counsel are mistaken in some of their facts, as well as their conclusions drawn therefrom.

Neither of the original summonses in any of the cases against Tessier are set out in the record, so that the date of the issuance, service, or return of any or either of them is unknown. It must be presumed, however, in favor of the judgment of the district court, that at the date of these proceedings the plaintiffs, Reed, Jones & Co., had commenced, or were in the act of commencing, a civil action, for the recovery of money, against said Louis Tessier. The record shows, as we have already seen, that on the 7th day of March, 1883, one of the attorneys for the plaintiffs in said cause made and filed an affidavit with the clerk of said district court, which said affidavit, as to its form and substance, was in strict conformity to the requirements of section 198 of the code. The ground of attachment set out in said affidavit being, that the defendant, Louis Tessier, is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors, it must be presumed, for the purposes of this hearing on appeal, that the plaintiff was required to give, and did give, the attachment bond required in such cases, although the record before us is utterly silent on the subject. An order in attachment was thereupon issued by the clerk of the district court, bearing date the 7th day of March, 1883, believed to be the date of the original summons, returnable the 19th day of March, 1883. This order was returned by the sheriff on the return day thereof, by which return it appears that, on the 9th day of said month of March, the sheriff served the said order of attachment, by seizing the goods and chattels of the said defendant, Louis Tessier, and that while holding said property in his hands, on the 19th day of March, 1883, he was served with a writ of replevin by the coroner of said county, by reason of which said property was taken from his possession, etc. On the 20th day of the same month the said attorney of the plaintiffs, Reed, Jones & Co., presented to the clerk of the district court

his affidavit, made before a justice of the peace, "that he has good reason to believe, and does believe, that Ada C. Fenton and the Blue Valley Bank, and within said county of Gage, have property of the said defendant, Louis Tessier, in their possession, to-wit, goods, wares, and merchandise, to an amount unknown to this affiant," etc., and caused to be issued an order of attachment, which was placed in the hands of the sheriff, and which was returned by the said sheriff on the 26th day of the same month, endorsed by the said sheriff as follows: "Received this writ March 22, 1883, at 2:40 P.M., and not being able to come at the property of Louis Tessier claimed to be in the possession of Mrs. Ada C. Fenton and the Blue Valley Bank of Wymore, I, on the same day, at 6 o'clock P.M., served Mrs. Ada C. Fenton, personally, and the Blue Valley Bank, by serving F. C. Wilcox, cashier of said corporation, true certified copies of the within order, and also a written notice to appear and answer as therein required, a copy of which is hereto attached, marked exhibit 'A,' " etc., signed by the sheriff. The said sheriff also, on the 22d day of said month, issued and delivered to the said Ada C. Fenton and the Blue Valley Bank each a notice in garnishment, by which they were severally notified that they were attached, as garnishees of the said defendant, Louis Tessier, as a supposed debtor of the said defendant, and that they were required not to pay any debt due by them to the said defendant, or thereafter to become due, and that they must retain possession of all the property of the said defendant then or thereafter being in their custody or under their control, in order that the same might be dealt with according to law, and also requiring them to appear before the district court in and for said county on the 26th day of March, 1883, at 11 o'clock A.M., where said cause was pending, and answer such interrogatories as might be propounded to them, or that they would be liable to pay the entire judgment obtained by plaintiff against the said defendant.

Proceedings in all respects similar to the foregoing seem to have been also had in the case of Lockwood, Englehart & Co. against the same general defendant and garnishees. And on the 6th day of March, 1884, E. C. Wilcox appeared before the said district court and, as cashier and agent for the said Blue Valley Bank, and as agent for Mrs. Ada C. Fenton, and for answer to the several processes of garnishment in the several cases of Reed, Jones & Co. v. Blue Valley Bank and Ada C. Fenton, garnishees of Louis Tessier, Lockwood, Englehart & Co. v. same parties, garnishees, etc., Mack Stadler & Co. v. same parties, garnishees, etc., and says that the said garnishees held the stock of merchandise of Louis Tessier by virtue of two chattel mortgages, one to the Blue Valley Bank for $1,200, and one to Mrs. Ada C. Fenton for $381; that said mortgages have been satisfied by a sale of part of said goods, and that they hold the balance of said goods subject to the order of the said court; that he does not know the value of the remainder of said stock of goods now held by said garnishees; that the said garnishees made and filed their answer in the above named cases at the May term, 1883, in substance as above, which answers are claimed to have been lost from the files of the said court, and that this answer is made and filed as a substitute therefor; that since the filing of the said answer at the said May term the said goods have been taken from said garnishees, under an execution issued out of the county court of said county in the case of Shackman & Co. v. Tessier, by one Joseph Fletcher, constable of said county.

The record also shows that, on the 24th day of September, 1884, it being the twentieth day of the term, the case of Reed, Jones & Co. v. said garnishees coming on to be heard, the court found the Blue Valley Bank as garnishee had property in its hands liable to the satisfaction of the claim herein, exceeding the amount due herein, which the court found to be $510.63 and costs $59.90, total $570.53.

Said garnishee was ordered to pay the said amount into court within sixty days.

At the risk of repetition, I will state that the record clearly shows that, pending the above proceedings on the part of Reed, Jones & Co. and Lockwood, Englehart & Co. v. Louis Tessier, in the district court, the defendant, Louis Shackman, obtained five several judgments in the county court of said county against Louis Tessier, amounting in the aggregate to about the sum of $2,448.10, besides costs. Upon which several judgments executions were issued and placed in the hands of Joseph C. Fletcher, a constable of said county of Gage, and upon which executions the said constable seized the goods of said Tessier remaining in the possession of the Blue Valley Bank after the satisfaction of the said two mortgages, and sold the same at public auction, realizing as the net proceeds of such sale the sum of $1,321.61, which he still has and holds. I. purposely avoid complicating the above narrative with any reference to the garnishment proceedings on the part of Louis Shakman, as I do not see that such proceedings had any legal effect upon the rights of the parties.

By virtue of the proceedings above recited, the plaintiffs, Reed, Jones & Co., and Lockwood, Englehart & Co., respectively obtained liens in the order in which they are here named for the amounts of their respective claims, which were afterwards reduced to judgment in the said district court, upon the stock of goods of the said Louis Tessier, subject to the mortgages of the said Blue Valley Bank and Mrs. Fenton. The goods were taken in attachment by the sheriff on the several orders of the plaintiffs in the case at bar, and others. The Blue Valley Bank replevied the goods by action against the sheriff. The several plaintiffs in the said attachment proceedings, to-wit, Clement Bane & Co., Reed, Jones & Co., Lockwood, Englehart & Co., Mack Stadler & Co., and V. A. Crowley, defended said action, and had themselves substituted for the said sheriff

as defendants therein. Upon the trial of the cause the court found in part for the plaintiff, bank, and in part for the substituted defendants. The cause was brought to this court on error by the bank, and also by Clement Bane & Co., on the part of the defendants. This court, in its final opinion affirming so much of the judgment of the district court as was favorable to the plaintiff, bank, say: "It appears from the record that summonses in garnishment were served on the plaintiff on the part of the several substituted defendants in the case at bar. These proceedings constituted as many suits at law against the plaintiff, citing Drake on Att., Sec. 452. These suits are still pending, so far as appears, and I know of no reason why the questions in which the rights of the parties are involved may not be there fully litigated and settled." *Blue Valley Bank v. Bane*, 20 Neb., 294.

The garnishment proceedings of the plaintiff, Reed, Jones & Co., in the case at bar, it appears from the record, are no longer pending, there having been a final judgment rendered therein on the 24th day of September, 1884. This judgment was probably erroneous, and would have been reversed upon proper proceedings for that purpose. But the court had jurisdiction of the parties and of the subject-matter, the judgment is for the payment of money. It is probably not sustained by the evidence in the case, but that is not a sufficient reason why, in this proceeding, it may be treated as void.

The like proceeding in favor of the plaintiffs, Lockwood, Englehart & Co., has never been terminated by judgment or final order, but is still pending in the district court.

The first question to be considered at this point arises upon the consideration of the status of the goods in the possession of the Blue Valley Bank, after the service of the orders of garnishment of the plaintiffs upon the bank; and secondly, whether Fletcher, the constable, obtained

any legal right to the custody of the goods by virtue of the levy of the executions thereon.

Drake, in his valuable work on attachments, at section 251, sixth ed., says: "So it has been held that garnishment has the effect to place the property in the garnishee's hands in the custody of the law, and that an officer has no right after the garnishment to take the property from the garnishee." To this he cites three cases, *Scolefield v. Bradlee*, 4 Martin, 252 (8 N. S.); *Brasheary v. West*, 7 Peters, 608; and *Dennistun v. New York, C. & S. F. Co.*, 6 La. Ann., 782. The two first fully sustain the text; the third, being out of the library, has not been examined.

In Massachusetts the holding is, that although garnishment is an attachment of the effects in the garnishee's hands, yet they may be attached and taken into the possession of an officer subject to the lien of the creditor who affected the garnishment. To this Drake cites the cases of *Burlingame v. Bell*, 16 Mass., 318; and *Swett v. Brown*, 5 Pick., 178.

The plaintiffs undoubtedly acquired equitable liens on the goods by virtue of their garnishment proceedings against the bank, and if the defendant, Fletcher, had the right to take the goods on the executions in favor of Shakman, he could only take them subject to the rights of the plaintiffs.

Considerable stress is laid by counsel for defendants, throughout the case, on the fact that the plaintiffs procured no orders from the court upon the garnishees as to the disposition of the goods. From an examination of the statute ,I do not find that such orders are obtainable in such cases until after final judgment against the principal debtor.

Section 226 of the code provides that, "Final judgment shall not be rendered against the garnishee until the action against the defendant has been determined; and if in such

action judgment be rendered for the defendant in attachment, the garnishee shall be discharged and recover costs. If the plaintiff shall recover against the defendant in attachment, and the garnishee shall deliver up all the property, money, and credits of the defendant in his possession, and pay all the moneys from him due, as the court may order, the garnishee shall be discharged and the costs of the proceedings against him shall be paid out of the property and moneys so surrendered, or as the court may think right and proper."

It appears from the record in the case of Louis Tessier v. Reed, Jones & Co., in error, on the files of this court, that final judgment was rendered in the district court in the case of Reed, Jones & Co. v. Tessier, in favor of the plaintiffs, on the 5th day of March, 1884. In the case of Lockwood, Englehart & Co. v. Tessier, final judgment was rendered on the 27th day of June, 1884. Now it appears from the record that the goods were levied on and seized by the defendant, Fletcher, on the 4th day of June, 1883, long before the rendition of judgment in favor of either of the plaintiffs against Tessier, and before, under the above provisions of statute, any order could have been made by the district court for the disposition of the said goods.

It must be held, therefore, that neither the defendant, Louis Shakman, as plaintiff in the five executions against Tessier, nor Joseph C. Fletcher, the constable who served the same by the seizure and conversion of the goods, obtained any right or title to the money received for said goods and now in the possession of said constable, as against the plaintiffs, unless the plaintiffs have lost their liens by laches. Have they done so? Neither law nor equity requires that to be done which is useless and manfestly futile. Before the plaintiffs could, in the ordinary course of practice in the district court, bring their several causes against Tessier to trial and judgment, and so be in

a position to proceed against the garnishee or the effects
in its hands, the defendant, Fletcher, had, by color of his
office and the executions in his hands, taken said effects
out of the hands of the garnishee and converted them into
money.    But counsel insist that, notwithstanding this, the
plaintiffs should have pursued the garnishee and com-
pelled it to account to them for the goods which Fletcher,
under the orders of Shakman, had taken from its posses-
sion and converted.    Whatever weight might be accorded
to this position, if by Tessier, it cannot be considered
when urged by Fletcher and Shakman, or either of them.
As we have seen, if they had any right to take the goods
at all, they must have taken them subject to the liens of
the plaintiffs.    And having taken them under a claim of
superior right, they cannot now be heard to urge the
right of the plaintiffs to still demand the goods or their
value from the garnishee, as defense to their claim on the
proceeds of the goods.

Again, it appears from the evidence that in the month
of October, 1883, long before either of the plaintiffs ob-
tained judgment on their claims against Tessier, the gar-
nishee ceased to do business, and withdrew all its assets
from the state, so that no proceedings of the kind contem-
plated would have been practicable or possibly effective in
results.

As to the garnishee, Mrs. Ada C. Fenton, from a view
of the whole case it is manifest that she never had posses-
sion or control of the goods, and consequently that her
name never should have been used in these proceedings.

I come to the conclusion, therefore, that the plaintiffs
did not lose their lien upon the goods or right to their
proceeds by laches.

Having already extended this opinion to an unusual
and probably unjustifiable length, I do not discuss the
other questions raised and discussed by counsel.    The case
presents many complicated and some doubtful questions,

but upon the whole I think that the judgment of the district court is right, and that it violates no principle or practice of law or equity.   It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.