## BUSTA V. WARDALL.

A complaint alleging that the defendant is indebted to plaintiff in the sum of $200 for work and labor performed by him for the defendant during the year 1888 at defendant's request, for which work and labor said defendant agreed to pay plaintiff the sum of $200, but has not paid said sum, or any part thereof, states a sufficient cause of action, although subject to a motion to be made more definite and certain.

(Syllabus by the Court. Opinion filed June 3, 1892.)

Appeal from Beadle county court. Hon. JOHN WOOD, Judge.

Action to recover for work and labor. Judgment for plaintiff on default. Defendant moved to set aside the judgment. Motion denied. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*T. H. Null*, for appellant.

The complaint alleging that the defendant is indebted to plaintiff merely states a conclusion, and not facts from which the law will imply a liability on the part of the defendant. Lienan v. Lincoln, 2 Duer, 670; Drake v. Cockraft, 4 E. D. Smith, 34; Seely v. Engell, 17 Barb. 530; Levy v. Bend, 1 E. D. Smith, 169; Bowen v. Emerson, 3 Or. 452.

*Horace Comfort*, for respondent.

BENNETT, J. This is an action founded upon the following complaint: "That the defendant is indebted to him in the sum of two hundred dollars, and interest thereon at the rate of ten per cent. per annum from the 15th day of October, A. D. 1888, for work and labor performed by the plaintiff for the defendant during the year 1888 at defendant's request, for which work and labor said defendant agreed to pay plaintiff the sum of two hundred dollars, with interest at ten per cent. per annum until paid, but has

not paid said sum or any part thereof." The defendant not appearing and answering in time, the plaintiff applied to the court for a judgment by default, which was granted without further proof than the verified complaint. Subsequently the defendant moved to set aside the judgment on the ground, that the complaint did not state facts sufficient to constitute a cause of action, which motion was overruled and denied. From this order an appeal is taken.

Our Code of Civil Procedure requires that a complaint shall contain a plain and concise statement of the facts constituting the cause of action. Section 4907, Comp. Laws. Every fact which the plaintiff must prove to enable him to maintain his suit, and which the defendant has a right to controvert in his answer, must be distinctly averred or stated. The rule of pleading in an action for a legal remedy is the same as under the common law, viz., "that facts, and not the conclusion arising from these facts," must be pleaded.

The first objection raised by the counsel for the appellants is that the complaint does not state facts from which the law will imply a promise or liability upon the part of the defendant. To this proposition we cannot agree. The complaint states "that the defendant is indebted to him in the sum of two hundred dollars * * * for work and labor performed by the plaintiff for the defendant during the year 1888, at defendant's request;" in substance stating that in the year 1888 the plaintiff, at the request of the defendant, did work and labor for him, which labor and work was worth the sum of $200. The work and labor having been performed at the defendant's request by plaintiff, he did all that was incumbent on him to do. This raises a duty on the part of the defendant to pay what that labor and work is worth, or to pay the price agreed upon for it. It is not necessary to state in terms a promise to pay; it is sufficient to state facts showing the duty from which the law implies a promise. The complaint further states that said defendant agreed to pay the plaintiff the sum of $200 with interest until paid for such work and labor. This is objected to by the appellant's attorney—First, because the allegation is fictitious, being based on an implied prem-

ise; second, because it states neither time, place, nor manner of payment. There is nothing in the first objection, because we have shown that the promise to pay is founded upon a legal duty to do so. If the plaintiff performed work and labor for the defendant, he is entitled to be remunerated at the agreed price of its value; and, while it may be fundamental that when a person relies upon an express promise for the performance of an act, the time, manner, and place of its performance must be alleged, yet, when an express agreement has been entered into for the payment of a definite sum of money for a valuable consideration, it is sufficient to allege that that amount of money was agreed to be paid for that consideration, etc., and has not been paid. Indefiniteness and uncertainty are never proper grounds of demurrer under our rules of pleading. A pleading may state facts sufficient to constitute a cause of action, and still these facts may be stated in a manner very unsatisfactory, and not definite or certain. The objection to such pleading should be reached by a motion to make more specific.

The next contention of the appellant is that, inasmuch as the complaint does not state a promise to pay the money at any specified time, nor state facts from which a duty to do so naturally arises, or from which a promise to do so at a specified time is necessarily inferred, the complaint is fatally defective. The general rule is that, if no time is fixed in the contract for the payment of the labor, the inference of the law is that the work is to be paid for when the labor is completed, or the contract terminated in some legal manner. 3 Wait, Act. & Def. p. 581; Blodgett v. Mills Co., 52 N. H. 215; Clark v. Clifford, 25 Wis. 597. So from the allegation of "work and labor performed" the legal inference arises that the payment for it is due. We have analyzed the complaint before us with a view to overcome the objection raised against it by the appellant, and while we shall sustain the sufficiency of the complaint upon the rule announced by the supreme court of Wisconsin in the case of Morse v. Gilman, 16 Wis. 504, "that, contrary to the common-law rule, every reasonable intendment and presumption is to be made in favor of the pleading," and that the old dogma of leaning against the pleader is abandoned, and a liberal and equitable construction is now the rule,

we are free to confess that we have no sympathy or patience with such loose, imperfect, incomplete, or informal allegations in a complaint, nor do we wish to encourage any such pleadings. And if it were not for the adjudications of the courts of last resort in several of the states for which we have the highest respect and reverence, holding similar complaints sufficient upon which to found an action, we should be inclined to hold the position of the appellant's attorney well taken. It is incumbent · upon the legal profession to see that all their pleadings should be a clean-cut, terse, and concise statement of facts upon which they are based.

Citations· and extracts from a few authorities are herewith, appended. Baylies, in his late work on Code Pleading, page 421, · gives the following as the form for a complaint for. services rendered for the defendant: "The plaintiff complains of· the defendant and alleges that the defendant is indebted to the. plaintiff in the sum of ——— for work, labor, and services done and· performed for the defendant at his special instance and ·request, at the city of ———, by the plaintiff and his servants and agents, at different times between the days of ——— and the commencement of this action in and about (here specifying the work;) that such work, labor, and services were reasonably worth the sum of———; and that defendant has not paid the plaintiff said sum, or any part thereof, but has hitherto wholly neglected and refused to do .so." Then the demand for judgment. · This complaint is in the almost exact wording of the one in the case at bar, and is one that the court of appeals of the state of New York sustained and held to be a·good complaint in the case of Farron v. Sherwood, 17 N. Y. 227. In the case of Graham v. Camman, 13 How. .Pr. 360, the complaint was as follows: "That the defendant, on the 10th day of May, 1855, became and was indebted to the plaintiff in the sum of $446.25 upon a balance of an account stated, then due and owing to this plaintiff, which the said defendant then and there agreed to pay, but he has neglected and refused . to pay the same." A demurrer was interposed because the complaint did not state facts to constitute a cause of action. The · court said: "We ·think the complaint, although loosely drawn, may, upon general demurrer, be treated as stating substantially

that on the 10th of May, 1855, an account was stated between plaintiff and defendant; that upon such statement a balance of $446.25 was found to be due to the plaintiff from the defendant. A promise to pay the balance is averred, * * * and is justly due from defendant;" afterwards holding the complaint good; afterwards stating the rule to be as follows: "The complaint, therefore, to be overthrown by such a demurrer, must present defects so substantial in this nature and so fatal in this character as to authorize the court to say, taking all the facts to be admitted, that they furnish no cause of action whatever. When the demurrer admits facts enough to constitute a cause of action, the complaint will be sustained; and, if the defendant requires greater certainty than is found in the complaint, he must seek relief by a motion under the Code that the pleading be made more certain and definite." In Grannis v. Hooker, 29 Wis. 65, the complaint was in form a common count for money had and received, and in the trial the plaintiff offered to prove that he was induced to pay over the money to the defendant by the latter's false and fraudulent representations in the sale of certain lands which was now sought to be recovered. This evidence was rejected, and on the plaintiff's appeal the court, by COLE, J., said, "The complaint contains what, under the former system of pleading, would be called a 'count for money had and received.' * * * It is claimed by the defendant that all the facts in respect to the alleged fraud should have been distinctly stated in the complaint, otherwise the plaintiff is not entitled to prove them. On the other hand, it is claimed that all it is necessary the complaint should contain is substantially an allegation that the defendant has received a certain amount of money to the use of the plaintiff as in the old form of declaration *in indebitatus assumpsit.* We are inclined to sanction the latter view, and to hold that the facts which, in the judgment of the law, create the indebtedness or liability, need not be set forth in the complaint." In the case of Small v. Poffenbarger, (Neb.) 49 N. W. Rep. 337, the supreme court of Nebraska upheld a complaint that alleged that the plaintiff complains of the defendant for that which is due from defendant to plaintiff for laborer's wages for work and labor done and

S. D.—10.

performed by the plaintiff for defendant at defendant's request in the years 1886, 1887, and 1888, the sum of $466.55, no part of which has been paid. In the case of Tessier v. Reed, 17 Neb. 105, 22 N. W. Rep. 225, the same court held that a "petition which alleges that the defendant is indebted to the plaintiff for a specific sum then due and payable for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant stated a cause of action, although subject to a motion to make more definite and certain." In the case of Johnson v. Kilgore, 39 Ind. 147, a complaint alleging "that said defendant is indebted to him in the sum of," etc., for work and labor performed and material furnished, etc., was sustained. Also similar complaints were upheld by that court in the cases of Curran v. Curran, 40 Ind. 473; Bouslog v. Garrett, 39 Ind. 338; Wolf v. Schofield, 38 Ind. 175. It is, however, noticeable that these cases were sustained without any discussion of general principles, but because they were in accordance with certain short forms prescribed by the legislature; consequently are not strong as authorities. The complaint in the case of Wilkins v. Stidger, 22 Cal. 234, avers that the plaintiff is a physician and surgeon, and was employed by the defendant to perform services for him as such, which he did at his special instance and request; that for such services the defendant is justly indebted to him in the sum of $2,855; and demand and refusal of payment by defendant. One of the errors assigned upon appeal was that the complaint did not state facts sufficient to constitute a cause of action, because that portion of the complaint which sets forth the claim for professional services does not cover any promise to pay, or that the services were of any value. The court, in the opinion, said: "We think the complaint in this respect is sufficient. It follows substantially the form of a count in debt under the old system of pleadings. By transposing the averments, it can then be read in this way: 'That the defendant was at a certain time indebted to the plaintiff in a certain sum for professional services rendered by plaintiff at the special instance and request of defendant.'" The supreme courts of one or two states have refused to follow this course of discussion, and have pronounced such forms of complaint to be in direct conflict with the correct principles of

___

pleading established by the Code. See Foerster v. Kirkpatrick, 2 Minn. 210, (Gil. 171;) Bowen v. Emmerson, 3 Or. 452. But an examination of these cases will show that the principles upon which they were decided did not tend to throw any doubt upon the rule established in most of the states. Pomeroy, in his excel-lent work on Remedies and Remedial Rights, (page 591,) after reviewing all the authorities *pro* and *con*, while not fully agreeing in principles with the view, says "that the true doctrine to be gathered from all the cases is that, if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining to the form, rather than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment.

Judgment of court below is affirmed.